ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. GILBREATH.

Opinion delivered October 26, 1908.

1. CARRIERS—FREIGHT TRAIN—DUTY AS TO PASSENGERS.—A railway company operating a freight train which carries passengers, and which has just drawn up to a station for the purpose of receiving passengers, is bound to anticipate the presence of passengers aboard the passenger caboose and to exercise care not to injure them. (Page 572.)

2. SAME—CONTRIBUTORY NEGLIGENCE—PASSENGER STANDING UP.—It is not necessarily nor *prima facie* negligence for a passenger on a freight train to stand up while the train is moving, it being generally a question for the jury to decide under the circumstances disclosed in each case. (Page 573.)

3. SAME—BURDEN OF PROOF AS TO CONTRIBUTORY NEGLIGENCE.—Where negligence on the part of a carrier is established by evidence, the burden is upon the carrier to prove contributory negligence of the injured passenger. (Page 574.)

Appeal from Franklin Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Lovick P. Miles,* for appellant.

The court erred in giving and refusing instructions. No one of the crew knew of the presence of appellee in the caboose at the time of the impact. He was probably standing up at the time, thus contributing to his injury. 71 Ark. 590; 83 *Id.* 22; 87 Ark. 109; 83 Ark. 25.

*Sam R. Chew,* for appellee.

Appellee was a passenger, and the company owed him the highest degree of care for his safety, and is responsible for the slightest negligence. 40 Ark. 298; 51 *Id.* 459. Being on a local freight, he necessarily assumed the increased risk incident to the usual operation of such trains, yet he did not assume any risk growing out of careless or negligent handling of trains or cars. 76 Ark. 520.

McCULLOCH, J. Appellee boarded at Ozark, Arkansas, the caboose of a local freight train, which carried passengers, for the purpose of taking passage to Altus, the next station on appellant's road. When he entered the caboose, it was standing at the station, but was soon pulled down to the east end of the

yards and uncoupled from the train while switching was being done.   A car was blocked or kicked in on the track where the caboose was standing and struck it with such force that appellee was thrown down and received serious injuries to his person, for which he sues to recover damages.   He testified that when he entered the caboose he sat down on one of the stationary seats running lengthwise of the car, and remained seated until the violent impact of the cars threw him off the seat to the floor. It threw him a distance of six or eight feet and severely bruised his head, shoulder and hip on the left side of his body.   He testified also that the cars came together with great and unusual force.

Appellant proved that a printed notice was posted in the caboose warning passengers of the danger of standing up while switching was being done.   The conductor and one of the brakemen testified that appellant stated to the former immediately after the accident that he was standing up in the caboose when the shock came and he was thrown down.   He denied having made this statement.   The evidence tends to establish the fact that the conductor knew that appellee had entered the caboose as a passenger, and was in there when the other car was backed or kicked against it with extraordinary violence.   But, whether he actually knew of appellee's presence or not, he was operating a train which carried passengers, the caboose had just been drawn up to a station for the purpose of receiving passengers, and he as well as all of the other trainmen were bound to anticipate the presence of passengers aboard the caboose and to exercise care not to injure them.   *St. Louis, Iron Mountain & Southern Railway Company* v. *Harmon,* 85 Ark. 503.

The court refused to instruct the jury, at appellant's request, that "if the plaintiff was standing up at the time the cars came together, then, in the absence of any explanation of why or how long he was standing, he cannot recover."   The instruction was properly refused.   This court has repeatedly held that it is not necessarily negligence for a passenger on freight train to stand up, but that it is generally a question for the jury to decide under the circumstances disclosed in each case.   *Pasley* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 22; *St. Louis, I. M. &*

*S. Ry. Co.* v. *Brabbzson, ante,* p. 109; *St. Louis, I. M. & S. Ry. Co.* v. *Richardson, ante,* p. 101.

Contributory negligence is never presumed from the mere silence of the record as to the particular circumstances, but must be proved, either by direct evidence or by evidence of circumstances from which it may be inferred. A bare admission on the part of a passenger that he was standing up when injured does not make a case of negligence *per se,* nor create a *prima facie* case of negligence, so as to cast upon him the burden of proving the circumstances and clearing himself of the charge. When negligence on the part of the carrier is established by evidence, the burden is upon the carrier to prove contributory negligence of the injured passenger. *Little Rock & Ft. S. Ry. Co.* v. *Eubanks,* 48 Ark. 460; *Little Rock & Ft. S. Ry. Co.* v. *Cavenesse,* 48 Ark. 106; *Hot Springs St. Rd. Co.* v. *Hildreth,* 72 Ark. 572; *Choctaw, O. & G. Rd. Co.* v. *Doughty,* 77 Ark. 1.

Complaint is made of the refusal of the court to give certain other instructions asked by appellant, but we think the matters therein contained were sufficiently covered by other instructions given, and no error was committed.

Judgment affirmed.