## Chesapeake & Ohio Railway Co. v. Borders.

(Decided· November 10, .1910.)

### Appeal from Lawrence Circuit Court.

Railroads—Injury to Passenger—Jerk of Train—Liability.—The rule is well settled that it is the duty of a railroad company to give its passengers a reasonable opportunity to board its train, and where a train was moved while appellee was upon the steps of the car, and before he had a reasonable opportunity to reach a place of safety, he is entitled to recover damages therefor, whether the injury was caused by an ordinary or unusual jerk of the train.

WORTHINGTON, COCHRAN & BROWNING, F. T. D WALLACE and M. C. KIRK for appellant.

DINKLE & PRITCHARD and O'NEAL & CARTER for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, · COMMISSIONER—Affirming:

Appellee, Wallace Borders, brought this suit against appellant, Chesapeake & Ohio Railway Company, to recover damages for injuries which he claims to have received while attempting to board one of its passenger trains at a station called Chestnut, in Lawrence county, Kentucky. The jury returned a verdict in appellee's favor for $1,000, and the railway company appeals.

Two grounds are relied upon for reversal: First, the failure of the trial court to award appellant a peremptory instruction; second, error in the instructions.

Appellee testified, in substance, that on the occasion in question the train was flagged as it approached Chestnut Station. Two passengers preceded him up the steps. Appellee then attempted to board the train. As he went up the steps and before he reached the platform, the train moved with a jerk and he was thrown to the ground and injured. One witness for the appellant testified that he was present on an occasion when appellee attempted to board one of appellant's passenger trains, and that he did not see appellee fall. This witness, however, was unable to locate the exact time when the occurrence took place. Another witness for appellant testified that, during the month of March, 1908, the train on which he was brakeman stopped at Chestnut Station and picked up an old man who was crippled. He then got down and as-

sisted the man to get on the train. The man did get on the train, and never fell therefrom. To rebut this evidence, appellee testified that the occurrence related by the brakeman took place on a different occasion.

It is insisted by appellant that it was entitled to a peremptory instruction because appellee's own evidence did not show that the train was moved by an unusual and unnecessary jerk. In support of this position appellant cites Louisville & Nashville R. R. Co. v. Hale, 102 Ky. 600; Louisville & Nashville R. R. Co. v. Morris, 62 S. W. 1012; Illinois Central R. R. Co. v. Tandy, 107 S. W. 715; Bennett v. Louisville Railway Co., 122 Ky. 59; Howard v. Louisville Railway Co., 105 S. W. 932; Lexington Railway Co. v. Britton, 130 Ky. 676, and a number of other cases. An examination of the cases referred to will show that the rule is that, where a passenger has boarded a car and while in the act of finding a seat is injured by a jerk of the train, the railway company will not be responsible unless it be shown that the moving of the train was caused by an unusual and unnecessary jerk. The doctrine announced in those cases has no application to the case before us. Here the injured party did not board the train; he was injured before he reached the top of the steps. The rule is well settled that it is the duty of a railroad company to give to passengers a reasonable opportunity to board its trains. In the case before us there is evidence tending to show that appellant failed in this duty. The train was moved while appellee was upon the steps of the car and before he had had a reasonable opportunity to reach a place of safety. Under such circumstances, it is immaterial whether the train is moved by an ordinary and usual jerk or an unusual and unnecessary jerk. The negligence consists in the mere act of moving the train before the passenger has had a reasonable opportunity to board the train. (Louisville & Nashville R. R. Co. v. Arnold, 31 Ky. Law Rep. 414.)

Complaint is also made of the instructions because they did not require the jury to believe that the train was started by an unusual and unnecessary jerk before they could find appellant responsible for the injury. For the reason pointed out above, it was not necessary to submit this question to the jury.

Judgment affirmed.