## Hurt v. Illinois Central R. R. Co.

(Decided November 22, 1911.)

## Appeal from Ohio Circuit Court.

1. Railroads—Passenger Getting on Train—Contributory Negligence.—Where a passenger does not get on a train when it is standing still a reasonable length of time for passengers to get on, and gets on just as the train is starting there is sufficient evidence to go to the jury on contributory negligence.

2. Duty of Railroad Company—Liability for Injury.—It is the duty of the railroad company to keep the train still a reasonable time for passengers to get on and if it fail to do this, it is liable for an injury to the passenger from a jerk of the train although it may not be unusual.

G. B. LIKENS for appellant.

H. P. TAYLOR, O. L. SHIVELEY, TRABUE, DOOLAN & COX for appellees.

Opinion of the Court by Chief Justice Hobson—Affirming.

Mrs. Bessie Hurt brought this suit against the Illinois Central Railroad Company alleging in her petition that after she had bought a ticket from McHenry to Horton, Kentucky, she attempted to board the train when it stopped at McHenry for the purpose of taking on passengers, and while she was making the attempt and before she had entered or had time to enter the car and while she was on the steps ascending from the platform to the car "the defendant's agents and servants in the control of the train wrongfully, unlawfully and with gross negligence started the train with a violent jerk from which the plaintiff was thrown against the end of the car" by which her arm was fractured and other injuries inflicted to her damage in the sum of $1,-000. The defendant filed an answer controverting the allegations of the petition, and pleading contributory negligence on the part of the plaintiff. The proof for the plaintiff by herself sustains the allegations of her petition. Her testimony was in some degree corroborated by other witnesses introduced for her. The proof for the defendant was to the effect that reasonable time was given for passengers to get on the train, and that the train was not moved until after the plaintiff had entered the coach; that she walked up the steps and

into the coach without anything happening to her. The court instructed the jury (1) that if the plaintiff attempted to board the passenger train and while she was so doing the defendant's agents or servants in charge of the train "negligently and carelessly caused the train to jerk and as a result thereof the plaintiff was thrown against the end of the car" and her arm was thus injured, etc., they should find for her; (2) if she failed to use ordinary care for her own safety and but for this would not have been injured, they should find for the defendant; (3) "it was the duty of the defendant's agents and servants in charge of its passenger train at the time and place mentioned in the petition and evidence to keep the passenger train still a reasonable length of time to allow the plaintiff to enter the car, and if they did so they performed their duty to the plaintiff, but if they were guilty of negligence as supposed in instruction No. 1, then they did not perform their duty to the plaintiff." The jury found for the defendant; the court refused a new trial, and entered a judgment dismissing the petition. The plaintiff appeals.

.It is insisted that the court erred in instructing the jury, and that there was no evidence on which to give an instruction on contributory negligence. But there was ample proof to show that the train stopped at the station long enough for everybody to get on. Other ladies who were there with plaintiff had gotten on and taken their seats before she started up the steps, and there appears no sufficient reason why the plaintiff was so slow in getting on the car. If she did not get on the car while it was standing still a reasonable time for passengers to get on, and then got on just as the car was starting, the jury were warranted in finding that any injury she suffered was caused by her own want of ordinary care in not getting on the train promptly.

It is also insisted that the court erred in telling the jury in Instruction 1, that they should find for the plaintiff if the defendant's servants negligently caused the train to jerk and it is said that the defendant is responsible to the plaintiff if she was injured by the starting of the train while she was on the steps although there was no jerk of the train. The instruction followed the allegation of her petition. The court did not tell the jury that they should find for the plaintiff if there was a violent or unusual jerk. The instruction followed the rule laid down by this court in C. & O. Ry. Co. v. Bor-

ders, 140 Ky., 548. The plaintiff did not allege in her petition that the train failed to stop a reasonable time for passengers to get on. The only allegation was that the defendant negligently gave the train a jerk. Instruction 3 is to be read in connection with instruction 1. The two instructions mean that there was negligence in giving the train a jerk unless it had been kept still a reasonable length of time to allow plaintiff to enter the car. Any movement of a train necessarily gives it more or less of a jerk. The instructions, though not aptly worded, were not prejudicial to appellant. Instruction B which was asked by the plaintiff is practically given in instruction 3, and we do not see that the giving of instruction B would have thrown any light on the case. The weight of the evidence was with the defendant and the jury seems to have accepted this view of the matter.

Judgment affirmed.