LOUISIANA & NORTHWEST RAILROAD COMPANY *v.* WILLIS.

Opinion delivered June 9, 1913.

CARRIERS—INJURY TO PASSENGER—PASSENGER STANDING IN CAR—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—A passenger on a moving railway train is not guilty of contributory negligence as a matter of law when standing near the door, on a crowded car, and the question of his contributory negligence is one for the jury, where he is injured by reason of the train breaking in two and coming together again, throwing him down and injuring him, before the train had proceeded more than thirty-seven rail lengths out from the station.

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

STATEMENT BY THE COURT.

This suit was brought by appellee to recover damages for personal injuries alleged to have been sustained from the negligence of appellant company while he was

a passenger upon one of its passenger trains operated between the stations of Magnolia and McNeil.

It was alleged that because of the negligence of the company the train broke in two and that the front of it was stopped suddenly, permitting the rear end to collide with it and produce such a jar and shock as to throw appellee against a stove and break two or three of his ribs.

The railway company denied any negligence on its part and any injury or damage to appellee, and plead his contributory negligence in standing unnecessarily on the rear platform of, or within the coach, in bar of recovery.

It appears from the testimony that the appellee, J. R. Willis, a travelling salesman, forty-five years of age, has been living in the town of Magnolia for years. That on the morning of June 24 he took passage on the train of appellant company, and after purchasing a ticket and checking his baggage he stopped on the platform of the car a minute or two and stood there talking to his son, Roy, giving him instructions about what should be done in his absence. That just as the train started he stepped inside the coach, which seemed crowded, and he saw only one vacant seat. There were two seats turned facing each other, and upon them three young ladies were seated, the extra space being filled with boxes and packages belonging to them. Seeing only this seat, and not desiring to disturb the young ladies, he turned and put his hand on the door on the right-hand side and stood looking back towards the back end of the coach, and in a minute or two there came a sudden jolt and jar, the coach having struck something with great force and he was thrown violently against a stove three or four feet from him and two of his ribs broken and another injured. He was confined to his bed eight days, suffering a great deal, and unable to go about his work for about five weeks, and still feels the effects of the injury when bending over or straightening up.

Appellee was being paid for his services on a basis of 6 per cent of sales made by him, which, at that time

of the year, amounted to about $1,500 per week, and on an average of which sum at his percentage basis his salary loss would have amounted to about $450, during the time he was unable to work.

Other testimony tended to show that there were several vacant seats on the car at the time, any of which could have been occupied by appellee.

The coach was a compartment car, made for an accommodation train, with a compartment in one end for negro passengers, the middle for baggage and express and the rear end for white passengers.

The train ran something like 1,100 feet when it broke in two, and, the engine being stopped, the rear end collided with it, making a violent jolt or jar, more violent than appellee had ever experienced in travelling on any kind of train. No one else was injured at the time; the man who was standing by appellee at the time being thrown down, but not striking against anything in falling. He also stated that he saw only the one vacant seat, indicated by appellee. Another witness stated that there was another vacant seat by him where two other seats were thrown together, three men occupying the seats, and the conductor testified that there were ten seats with a capacity for two persons, each, in the car, and that he had only twelve passengers on the morning of the accident. Appellee glanced over the car and saw only the one vacant seat, as described, and was standing temporarily, talking to the man near the door, when the collision occurred. Other witnesses stated there were twelve or fifteen passengers, including children.

The court instructed the jury, which returned a verdict in appellee's favor for $450, and from the judgment thereon this appeal comes.

*C. W. McKay*, for appellant.

The court should have granted appellant's request for a peremptory instruction. While ordinarily it is not negligence *per se* for a passenger to stand up on a moving train, yet if his standing is so unnecessary and protracted as to render it imprudent, he is guilty of con-

tributory negligence in so doing, and the question of his negligence under such circumstances will be taken from the jury. 87 Ark. 104; 83 Ark. 22.

If there is a vacant seat in the coach which the passenger has time and opportunity to occupy, and he fails to do so, but remains standing, he is guilty of contributory negligence. 3 Thompson on Neg., § 2970. See also 71 Ark. 592.

*J. E. Hawkins,* for appellee.

The court is justified in withdrawing a case from the jury only where there is no dispute as to the facts, or where the facts are such that all reasonable men must draw the same conclusion from them. 61 Ark. 555; 76 Ark. 231; 85 Ark. 503; 144 U. S. 408; 139 U. S. 469; 149 U. S. 43; 64 Vt. 107; 3 Hutchinson on Carriers (3 ed.), § 1174. In this case there were conflicts in the testimony, and the established facts were such that reasonable minds might draw different conclusions from them.

Whether or not appellee was guilty of contributory negligence in standing while the train was in motion was under the evidence purely a question for the jury. It was not negligence as a matter of law. 85 Ark. 507, 508; 3 Hutchinson on Carriers (3 ed.), § 1098; *Id.* § 1216, and note; 83 Ark. 25; 76 Ark. 227; 95 Ark. 225; 87 Ark. 104; *Id.* 572; 21 Wash. 119; 38 C. C. A. 536; 27 S. W. 170; 6 Cyc. 650.

KIRBY, J., (after stating the facts). It is insisted for reversal that the court erred in not directing a verdict for appellant and that appellee was guilty of contributory negligence as a matter of law.

It may be regarded as undisputed that appellee boarded the car before the train started, talked with his son a minute or two on the rear platform and when the conductor gave warning that he was ready to go appellee stepped inside the coach, and upon a glance over it discovered that it was crowded, and noticed only one seat not occupied by a passenger, an inside seat, which was filled with bundles and packages, belonging to the three young ladies, who occupied the two seats facing each

other. He braced himself near the door-facing and stood a minute or more talking to another man when the collision occurred, throwing him violently against the stove and breaking his ribs. Another one of the passengers testified that there was a seat unoccupied where he and two other men were seated on two seats facing each other, which appellee could have taken. None of the passengers who were seated were injured, nor was the passenger who was standing with the appellee at the time, although he was thrown to the floor by the jar and jolt.

There was no printed rule, or notice, in the car, warning passengers not to stand in the car, although there was a notice on the outside of the door of the car, warning them against standing on the platform thereof.

In *St. Louis, I. M. & S. Ry. Co.* v. *Harmon,* 85 Ark. 507, it was said: "It has never been held by this court, nor do the authorities generally establish the proposition, that in the absence of such rule promulgated and posted by the company for ths protection of passengers standing in the car would as a matter of law constitute negligence, unless the circumstances were such as to render it obviously dangerous to stand."

There was no evidence indicating that it was obviously dangerous to stand a minute or so in the coach before being seated and the train was just leaving the station and necessarily proceeding at a slow rate of speed until it could get started, and the injury occurred within thirty-seven rails' length of the starting point. It can not be said as a matter of law that appellee was bound to proceed instantly and procure a seat at the expense of being unnecessarily hasty in beating other passengers to a seat or in crowding them and removing their bundles from unoccupied seats that he might sit down. He could have been, although he did not say he was waiting for the conductor's return that he might have him to require the packages removed and furnish him a seat.

Standing in a passenger car is not necessarily neg-

ligence as a matter of law, and ordinarily it is a question for the jury, and in this case the passenger's standing can not be said as a matter of law to have been protracted and unnecessary. Our court has held that a passenger upon a freight train even is not guilty of contributory negligence *per se* in standing up, unless the standing was so prolonged and uncalled for that the facts could be susceptible of but one conclusion.

In *Pasley* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 25, it said: "It can not be said as a matter of law that every time a passenger on a freight train arises from his seat, he is guilty of contributory negligence. It is only when his standing is so protracted or so uncalled for that the court can say, as a matter of law, that it is unnecessary and imprudent that the question of his negligence will be taken from the jury." See also *St. Louis, I. M. & S. Ry. Co.* v. *Harmon, supra; St. Louis, I. M. & S. Ry. Co.* v. *Hitt,* 76 Ark. 227; *St. Louis, I. M. & S. Ry. Co.* v. *Hartung,* 95 Ark. 225; *St. Louis, I. M. & S. Ry. Co.* v. *Richardson,* 87 Ark. 104; *St. Louis, I. M. & S. Ry. Co.* v. *Gilbreath,* 87 Ark. 572; 6 Cyc. 650; 3 Hutchinson on Carriers, 1216.

This case is not like that of *Crum* v. *St. Louis, I. M. & S. Ry. Co.,* 71 Ark. 592, relied upon by appellant, and the decision therein is not controlling here.

There the plaintiff stood ten minutes on a freight train while it ran a mile and a half, his excuse being that he was waiting for the ice to melt and cool the water and the court thought the water would have cooled as effectually and as soon without his standing to watch the operation and that the exposure caused thereby was unnecessary and held him guilty of contributory negligence as a matter of law.

The court did not err in refusing to direct a verdict for appellee and the case was properly submitted to the jury on instructions fairly presenting the issues and the judgment is affirmed.