## Chesapeake & Ohio Railroad Company v. Mollett.

(Decided June 19, 1923.)

### Appeal from Johnson County.

1. Carriers—Instruction as to Starting of Train Before Passenger Alighted Held Erroneous.—In an action for injuries to a passenger received while alighting from a train, where there was evidence for the defendant that the train stopped a sufficient time to permit the passengers to alight, but plaintiff attempted to alight, after the train started, from the wrong end of the car, an instruction that if plaintiff began immediately to get off the train when it stopped, and before she had time to do so the train started, she could recover, was erroneous as placing no limit on her movements, and giving her the liberty of selecting any place and taking her own time to alight.

2. Carriers—Instruction on Rights of Passenger Alighting from Train After it Started Held Confusing.—An instruction that plaintiff was contributorily negligent in alighting from a moving train unless the carrier failed to stop its train a sufficient length of time to enable her to alight therefrom in safety, and she was compelled to choose between leaving the car while it was moving slowly or being carried beyond her destination, provided she did not act when a reasonably prudent person in the exercise of ordinary care and caution would have refrained from alighting under the circumstances, was confusing under the facts, where there was no testimony she was compelled to make the choice referred to, and the evidence was conflicting as to whether the train stopped long enough to enable her to alight.

3. Carriers—Passenger Alighting from Moving Train After it had Stopped a Reasonable Length of Time Cannot Recover.—If the train stopped a sufficient length of time to enable a passenger reasonably to alight in safety, and she thereafter voluntarily alighted therefrom when it was moving, and was thereby injured, she

could not recover, because the carrier had already discharged its duty toward her.

4.  Carriers—Stepping from Slowly Moving Train is Not Negligence Per Se.—It is not negligence per se to step from a slowly moving train unless a reasonably prudent person in the exercise of ordinary care and caution would have refrained from alighting under the circumstances.

KIRK & KIRK and WORTHINGTON, BROWNING & REED for appellant.

HOWES & HOWES and JOHN V. WARD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Mrs. Rachel Mollett and Miss Pearl Daniels brought separate actions against the C. & O. R. R. Co. for personal injuries. The cases were tried and heard before the same jury, which returned separate verdicts, awarding $1,000.00 in damages to the former and $500.00 to the latter. From judgments entered in conformity to those verdicts a separate appeal is prosecuted in each case.

It is substantially claimed by the plaintiffs that they purchased tickets in the city of Paintsville and boarded a train of the C. & O. R. R. Co., en route to Offutt, a small station on that road. The conductor assigned them seats in the ladies' coach, and afterwards came through the car but did not take up their tickets. However, there were several other passengers for that station; the train was running late and it was dark before they arrived. The station was not called, but they recognized it by the houses, and as the train slowed up, left their seat and proceeded to the front of the coach, and when the train stopped started down the steps of the car, Miss Daniels being immediately in front. As she reached the bottom step the train jerked and suddenly started forward and she was thrown off, catching the guard with her hand and falling between the platform and the train. Mrs. Mollett was on the step above her, carrying a baby in her arms. She was also thrown from the train and, being unable to catch anything, fell to the ground, where she was rescued by persons on the platform. Each of them sustained more or less injury.

It is shown by other passengers that the station was not called; that the train stopped for an imperceptibly short time, and that it was stopped a second time by a passenger who pulled the bell cord, this being after plain-

tiffs had alighted.   The conductor knew nothing of the occurrence.   The flagman states that the train consisted of four coaches, combination, ladies', a through coach and a chair car; that the place to alight from the ladies' coach was at the vestibule between it and the combination coach; that he was there assisting passengers to alight, and that the train stopped as much as a minute and a half.   That after all the passengers had alighted he assisted others to get on, and gave the signal for the train to start, and that he then saw the plaintiffs alight at the rear vestibule.

Before considering the questions relied on for reversal it may be noted that there is no plea as to the platform being unlighted.   There is both pleading and proof that the station was not called, but plaintiffs admit that they recognized the station and started to the door of the coach before the train stopped, so that they were not injured or delayed by the failure to announce the station, if there was such failure, and the only ground of negligence upon which they rely is that of the failure to stop the train long enough for them to alight in safety.

In its first instruction the court told the jury, "If they believed from the evidence  .  .  .  that at the time defendant's train stopped at Offutt the plaintiff began immediately to get off said train and before she had time to do so said train started and gave a quick jerk before she had time to alight therefrom,  .  .  . they will find for the plaintiff."

It will be observed that this instruction places no limit at all upon plaintiff's movements.   Under it she had the liberty of selecting any place and taking her own time to alight.   It was erroneous in this respect.   Appellant's duty was to afford her reasonable time for that purpose.   By the third instruction the jury were told that it was contributory negligence for plaintiff to step from a moving train, with the following qualification:

"Unless the defendant failed to bring its train to a standstill for a sufficient length of time to enable plaintiff to alight therefrom in safety, and she was thereby compelled to choose between leaving the car while it was moving slowly or submit to the inconvenience of being carried beyond Offutt station, provided she did not act when a reasonably prudent person, in the exercise of ordinary care and caution, would have refrained from alighting under the circumstances."

An instruction similar to this was given in the case of the L. H. & St. L. R. R. Co. v. Combs, 25 Rep. 509, and the same principle was enunciated in L. & N. R. R. Co. v. Eakins, 103 Ky. 465, but under the facts of this case we think the instruction confusing. If the train stopped a sufficient length of time to enable the plaintiff to reasonably alight in safety and she thereafter voluntarily alighted therefrom while it was moving, and was thereby injured, she could not recover, because the defendant had already discharged its duty toward her and she would occasion her own injury.

On the other hand, we are not prepared to say that stepping from a slowly moving train is negligence *per se,* except in the instances noted. Again it is not claimed by her that she made a choice between stepping from a slowly moving train and being carried by the station, and as the case will have to be reversed for the error pointed out in instruction No. 1, we feel it well to change this instruction.

In another trial the court will instruct the jury as follows:

It is the duty of a passenger on a railway train upon its stopping at his destination to exercise reasonable diligence in getting off of it, and of the agents in charge to cause the train to stop and remain standing a reasonable length of time for such departure. And if you believe from the evidence that plaintiff purchased a ticket for passage from Paintsville to Offutt, Ky., from defendant's agent at Paintsville and had such ticket at the time and on the occasion in question, and that at the time the train stopped at Offutt she immediately prepared to alight therefrom and in so doing, and while upon the steps of the car and before she had reasonable time to alight therefrom in safety, the train jerked or suddenly started forward and she was thrown therefrom and injured, the law is for the plaintiff and you should so find, unless you believe as set out in instruction four.

In a second instruction it will give the measure of damage. In a third instruction it will present defendant's theory in a concrete instruction as follows:

If you believe from the evidence that the train was stopped at Offutt and remained standing for a length of time reasonably sufficient to permit the passengers to alight therefrom in safety, and that after it started the plaintiff voluntarily stepped therefrom while it was in

motion and was thereby injured the law is for the defendant and you should so find.

Inasmuch as the plaintiff might have been guilty of negligence even though the train had not stopped a reasonable length of time, in a fourth instruction the court will instruct in general terms on her duty to exercise ordinary care.

Judgment reversed for proceedings consistent with this opinion.