## Chesapeake & Ohio Railway Company v. Oma Thompson.

## Chesapeake & Ohio Railway Company v. Curtis Thompson, By, etc.

(Decided March 17, 1925.)

## Appeals from Pike Circuit Court.

1. Carriers—Two Contingencies Giving Rise to Liability for Prematurely Starting Train, Stated.—The two contingencies in which carrier is liable for injury resulting from failure to allow passenger reasonable opportunity to alight are where train starts while passenger is in act of alighting and is thrown from train, and where passenger steps from train after it has started, if, in view of low rate of speed, that is reasonably safe.

2. Carriers—Carrier Not Liable to Passenger Stepping from Moving Train After Opportunity to Alight.—Carrier is not liable for injury to passenger occasioned by latter stepping from moving train, if stop afforded passenger reasonable opportunity to alight.

3. Appeal and Error—Failure to Instruct on Defense of Carrier if Passenger Stepped from Moving Train Held Prejudicial Error.—Failure to instruct that, if stop afforded passenger reasonable opportunity to alight, carrier is not liable for injury to former occasioned by his stepping from moving train, held prejudicial error, where such instruction was embodied in offered instruction and not covered by given instructions.

4. Carriers—Character of Jerk of Train Immaterial Unless Reasonable Opportunity Given to Alight.—Whether jerk of train in starting was unusual or unnecessary held immaterial, where passenger has not had reasonable opportunity to alight.

5. Damages—Evidence as to Injuries Held Not to Warrant Recovery for Permanent Impairment of Earning Power.—Evidence of injury to passenger alighting from train consisting of bruises on side and leg, while sufficient to authorize recovery for physical and mental suffering, held insufficient to authorize recovery for permanent impairment of earning power.

6. Appeal and Error—Carrier, in View of Failure to Offer Instruction, Cannot Complain of Court's Omission.—Carrier cannot com-

plain of court's failure to instruct that it would not be liable if passenger having had reasonable opportunity to alight, was injured while voluntarily stepping from moving train, in view of its failure to offer such instruction.

7. Damages—Damages for Child's Bruised Head and Lacerated Hand and Fretful Condition Held Not Excessive.—$300.00 damages for injuries to child resulting from its being thrown from mother's arms by premature starting of train, where injuries consisted of bruised head, hand so lacerated as to leave scar, and fretful condition for month held not excessive.

WORTHINGTON, BROWNING & REED and KIRK, KIRK & WELLS for appellant.

PICKLESIMER & STEELE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing in Chesapeake & Ohio Railway Company v. Oma Thompson, and denying the appeal in Chesapeake & Ohio Railway Company v. Curtis Thompson, by, etc.

These are companion cases and will be considered in one opinion. The first is an appeal from a judgment of $1,000.00 in favor of Oma Thompson, and the second is a motion for an appeal from a judgment of $300.00 in favor of Curtis Thompson.

The facts are these: In the month of September, 1922, Mrs. Thompson and her five children boarded the Chesapeake & Ohio train at Pikeville for the purpose of going to Offutt, a station in Johnson county. According to her evidence it was dark when they reached Offutt and she and the children hurried out of the train. Four of the children walked out and she followed with the infant, Curtis Thompson, in her arms. The four children alighted in safety, but the train started while she was on the steps and threw her to the platform, injuring both her and the child. On the other hand, the evidence for the company is that the train stopped the usual length of time; that Mrs. Thompson was slow in moving out of the train; that a number of passengers got off and on the train; that the brakeman, who was standing at the steps of one of the other coaches, not seeing any one else desiring either to get off or on the train, signaled the engineer to proceed; that the train started in the usual and ordinary way, and that Mrs. Thompson was not thrown from the train, but voluntarily stepped off while it was in motion.

In the Oma Thompson case the court instructed the jury as follows:

1.   "The court instructs the jury that it was the defendant's duty to stop its train upon its arrival at Offutt station long enough to give the plaintiff a reasonable opportunity to alight therefrom and that it was plaintiff's duty to use reasonable diligence to alight from said train at said station, and if you believe from the evidence in this case that the defendant did not stop its train at said station long enough to give plaintiff a reasonable opportunity to alight therefrom, and that plaintiff used ordinary diligence to alight therefrom, and while exercising ordinary care for her own safety undertook to alight from said train and while so doing took a position on the steps thereof, and while standing in that position she was thrown from the said train by an unusual and unnecessary jerk of said train and injured, you will find for the plaintiff."

2.   "If the jury believe that the defendant stopped its train long enough at said station to give plaintiff a reasonable opportunity to alight therefrom and the plaintiff failed to use ordinary diligence to alight from said train and went and took a position on the steps thereof after she had been given a reasonable opportunity to alight from said train and was thrown therefrom by a usual and necessary jerk of said train you will find for defendant."

3.   "If the jury believe from the evidence that plaintiff was attempting to alight from said train while it was moving and at a time when she knew or could have known by the exercise of ordinary care that she would thereby be injured, and in so doing she failed to use that degree of care and caution to avoid said injury that an ordinary person would usually use under like or similar circumstances, and but for such failure said injury would not have occurred, you will find for defendant."

Where the carrier does not stop its train long enough to afford a passenger a reasonable opportunity to alight, there are two contingencies in which it is liable for a resulting injury: First, where the train is started while the passenger is in the act of alighting and he is thrown from the train; second, where the passenger, in

order to avoid the inconvenience of being carried past the station, steps from the train after it has started, and at a time when it is moving at such a low rate of speed that it is reasonably safe for him to do so. Louisville & Nashville R. Co. v. Derrickson, 170 Ky. 334, 185 S. W. 1114. On the other hand, if the train does stop long enough to afford the passenger a reasonable opportunity to alight, and he voluntarily steps from the train after it has started, and while it is in motion, the carrier is not liable. Chesapeake & Ohio Railway Co. v. Mollett, 199 Ky. 816, 251 S. W. 1005. This defense was not presented by the given instructions, but was embodied in an instruction offered in the Oma Thompson case. Though the offered instruction may not have been correct in form, it was the duty of the court to prepare and give a proper instruction, and its failure to do so was prejudicial error. Stearns Coal & Lumber Co. v. Spradlin, 176 Ky. 405, 195 S. W. 781.

As there was no evidence that the train was started with an unusual and unnecessary jerk, and the kind of jerk plays no part in cases where the carrier starts the train while the passenger is in the act of alighting, and before he has had a reasonable opportunity to alight, Chesapeake & Ohio Railway Co. v. Borders, 140 Ky. 548, 131 S. W. 388, the court on another trial will exclude from the instructions any reference to the character of the jerk.

Mrs. Thompson says that her side was injured and also her hip and leg. There was a blue spot on her hip and leg which lasted a month or longer. Since the accident her side and breast have continued to hurt her and she could not do her washing and housework like she used to. Dr. Castle, who attended her, testified that she had a small bruise or contusion on the left side, and also a small bruise on the left leg. At the time she was suffering and he gave her something, probably morphine, to ease the pain. In his opinion, the injuries were not serious or permanent. While the evidence was sufficient to authorize a recovery for physical and mental suffering, as well as for lost time, it was not sufficient to authorize a recovery for a permanent impairment of appellee's power to earn money, and on another trial the court will omit the latter item from the instructions.

In the Curtis Thompson case appellant did not offer an instruction telling the jury to find for appellant if they believed from the evidence that the train stopped at Offutt long enough to afford passengers a reasonable

opportunity to alight in safety, and that after it started and while it was in motion appellee voluntarily stepped from the train and was thereby injured. That being true, appellant is not in a position to complain of the court's failure to instruct on that issue. Brucken v. Myers, 153 Ky. 274, 155 S. W. 383.

When the accident occurred the child was thrown from his mother's arms. His head was bruised and his hand lacerated in such a way as to leave a scar. He was fretful and cried all the time for over a month. In view of this evidence we can not say that a verdict of $300.00 is excessive.

Wherefore, the appeal in Chesapeake and Ohio Railway Co. v. Curtis Thompson is denied, and the judgment in Chesapeake and Ohio Railway Co. v. Oma Thompson is reversed and cause remanded for a new trial consistent with this opinion.