## Burnett v. Louisville & Nashville Railroad Company.

(Decided March 12, 1926.)

### Appeal from Rockcastle Circuit Court.

1. Carriers—Evidence Held to Present Jury Question whether Passenger, as a Reasonably Prudent Person, should Not have Seated Herself Sooner, and thus Avoided Injury from Violent Jerking of Train.—Evidence held to present jury question whether a reasonably prudent person, in same situation as passenger weighing about 233 pounds, and carrying an infant and grip, would not have seated herself sooner, and before train started, so as to avoid accident caused by sudden jerking of train.

2. Carriers.—Passenger boarding train must exercise ordinary care for his own safety.

3. Trial—Instruction Imposing Duty on Passenger to Take Seat on Train as Soon as Reasonable Held Erroneous as Making Failure to do so Negligence as a Matter of Law.—In passenger's action for injury caused by sudden starting of train, instruction that passenger was under duty to take seat on entering coach as soon as she reasonably could under circumstances was erroneous as making failure to so take seat negligence as a matter of law, when it was for jury to say whether such failure was negligence.

4. Carriers—Passenger is Not Under Duty as Matter of Law to Take First Available Seat.—One entering a coach of train is not under a duty as a matter of law to take first available seat as soon as reasonably possible.

5. Carriers.—Whether circumstances require passenger to take first available seat is ordinarily a question for jury.

6. Carriers.—Passenger is not under duty to anticipate, as matter of law, a sudden and violent jerk of train.

B. J. BETHURUM and S. D. LEWIS for appellant.

C. C. WILLIAMS, J. W. BROWN, WOODWARD, WARFIELD & HOBSON and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant brought this action against the appellee for injuries she claims to have received on the 17th day of March, 1923. On that day, she boarded a train of the appellee at Brush creek in Rockcastle county bound for Richmond. She was assisted in boarding the train by the flagman and after she got into the coach she walked down the aisle with her infant child on one arm and carrying her grip with the other hand to the fourth seat from the rear of the coach. She says that as she started to take her seat the train started with an unusual, unnecessary and violent jerk by reason of which she was thrown against the car seat and injured. The evidence of the appellee is to the effect that there was no such jerk as appellant claims. It also shows that the train had stopped at this station an unusual length of time on account of a large amount of baggage, mail and express which was being loaded, and that appellant had ample opportunity to get to her seat. The jury found for appellee and this appeal results.

Appellant's sole ground for reversal is that after the evidence was in and the instructions given and while appellee's counsel was arguing its case, the court interrupted the course of that argument in order to give to the jury instruction No. 6 which reads:

"It was the duty of the plaintiff upon entering a coach on defendant's train to go and take a seat as soon as she reasonably could under the circumstances, and if the jury believe from the evidence that she failed to do so and her failure to do so, if such there was, contributed to or caused the injury complained of, if any, and that but for same said injury would not have occurred, then the law is for the defendant and you will so find."

Appellant first insists that there was no room in this case for an instruction on contributory negligence. In this, counsel is in error. The evidence of the appellee, especially that of its porter, tended to show that the train stopped at Brush creek long enough for this porter to load the mail on the mail car, then to walk back to the express or baggage car and load a considerable number of milk cans, coops of chickens and other express matter, and then to walk the length of the express or baggage car

and the mail car to the tank of the engine and to board it. It must be remembered that the appellant is a large, fleshy woman weighing some 233 pounds; that at the time of the alleged accident she had on one arm her infant child; that she was carrying her grip in the other hand; and that she walked almost the length of the car before taking a seat, although thus incumbered. It was clearly for the jury to say whether or not under these circumstances a reasonably prudent person, situated as she was, with the chances of being thrown off her balance even with the train starting in the usual way, and, if they believed the porter, with the ample opportunity she had to obtain a seat, would not have seated herself sooner and before the train started and thus have avoided the accident which resulted to appellant. That a passenger boarding a train must exercise ordinary care for his own safety is established. Hurt v. I. C. R. Co., 145 Ky. 475, 140 S. W. 650. Hence it was for the jury to say in this case whether or not the appellant had exercised ordinary care for her own safety. But the court did not give the ordinary and usual instruction on contributory negligence. Instead he told the jury that it was the duty of the appellant to take a seat on entering the coach as soon as she reasonably could under the circumstances. Thus he made the taking of a seat a duty incumbent on the appellant as a matter of law, instead of a circumstance to be weighed by the jury in determining whether or not she had exercised ordinary care under the circumstances. That this was error is plain to us. It is not obligatory as a matter of law for one on entering a coach of a train to take the first available seat as soon as one reasonably can. It is a matter of common observation that passengers can and do freely move about a coach while in motion without danger to themselves. We have held that it is not necessary for a carrier to keep its train standing until passengers boarding it are seated, unless there is some special reason to the contrary. L. & N. v. Hale, 102 Ky. 600, 44 S. W. 213. This rule recognizes that ordinarily danger does not accompany the starting of a train before those who have boarded it are seated. It may be that circumstances would require and common prudence demand that the passenger take the first available seat. But if there be any question about this at all, it is one clearly for the jury and not the court to determine. In the case of Cutcliff v. Birmingham Ry. L. & P. Co., 148 Ala. 108, a passenger on boarding a car and before being

seated was hurt by an unnecessary, unusual and violent
jerk of the car in being started. The trial court in-
structed the jury: "If the jury find from the evidence
that the plaintiff by the exercise of reasonable diligence
could have reached and taken her seat before the car
started and failed to do so, then the plaintiff was guilty
of negligence." In holding this instruction erroneous,
the court said:

> "We cannot affirm as matter of law that a fail-
> ure of the plaintiff to take her seat before the car
> started rendered her guilty of negligence notwith-
> standing she had time to do so and that there were
> many vacant seats. The defendant's evidence
> showed that the proper way to start the car was
> slowly and smoothly and without a sudden jerk; and,
> if a passenger had no ground to anticipate that it
> would be started with a jerk, we cannot say that she
> would be guilty of negligencce by a failure to take a
> seat before the car started, and think the question of
> contributory negligence was one for the jury."

As the appellant's case was necessarily bottomed on
an unusual, unnecessary and violent jerk of the train,
in the absence of which daily observation teaches that we
may ordinarily safely move down the aisle without taking
the first available seat, it cannot be said that she should
have anticipated as a matter of law the jerk which she
said occurred and the question of contributory negligence
on her part was one for the jury.

In Weeks v. Boston Elevator Company, 190 Mass.
563, the same question was presented as in the Cutcliff
case, *supra.* The court there said:

> "There were several passengers on the car and
> it does not appear that it was necessary for the
> plaintiff's intestate to go so far into the car before
> taking a seat; but the jury may have properly found
> that in proceeding towards the front of the car she
> was exercising ordinary care even if she did pass an
> empty seat which she could have taken."

In Louisiana & Northwest R. Co. v. Willis, 108 Ark.
477, 158 S. W. 114, a case similar to the one under dis-
cussion, the court said:

> "It cannot be said as a matter of law that ap-
> pellee was bound to proceed instantly and procure

a seat at the expense of being unnecessarily hasty in beating other passengers to a seat or in crowding them and removing their bundles from unoccupied seats that he might sit down. . . . . Standing in a passenger car is not necessarily negligence as a matter of law, and ordinarily it is a question for the jury.''

In 50 L. R. A. (N. S.) 1914, 441, may be found a note appended to this Arkansas case collecting the authorities in support of the rule therein followed.

Although we have not been referred to any case in this jurisdiction exactly like the present one, yet we have held that it is not negligence as a matter of law for a passenger to arise from his seat and go to the platform before the train stops for the purpose of alighting. L. & N. R. R. Co. v. Spear's Admr., 192 Ky. 64, 232 S. W. 60. If this be not negligence as a matter of law, then it ought not to be negligence as a matter of law for the incoming passenger to fail to seat himself just as soon as he can. The inherent danger or risk is very similar in each case. We thus conclude that, although the court should have submitted the issue of contributory negligence to the jury, the instruction it gave was erroneous, in that it made the failure to take a seat as soon as appellant could reasonably do so under the circumstances negligence as a matter of law, when it was for the jury to say whether such failure was negligent or not. For this reason the judgment must be reversed with instructions to grant the appellant a new trial in conformity to this opinion.

Judgment reversed.