London and Lancashire Fire Insurance Co. v. Rufer's Adm'r.

CASE 80—PETITION ORDINARY—FEBRUARY 6.

# London and Lancashire Fire Insurance Company v. Rufer's Adm'r.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

IN THE FORMATION OF THE JURY IN A CIVIL CASE, either party, by counsel, may interrogate a juror to know the condition of his mind with reference to the controversy, but if the court has done this for the litigants, and no challenge for cause was made, and no ground for challenge existed, the denial of the right does not require a reversal.

The entire panel of twenty-four jurors having been questioned by the court in such a manner as to show all to be fair and impartial triers in the particular case, the appellant was not prejudiced by the refusal of the court to allow his counsel to interrogate the individual jurors whose names were subsequently drawn from the box by the clerk.

HARGIS & EASTIN FOR APPELLANT.

1. This court, in order to affirm the decision of the court below, must not only find that there was some evidence upon which the case should have been submitted to the jury, but must also find that this evidence was *sufficient to sustain the verdict.*

2. The right to examine each individual juror by any proper interrogatory which will develop *the facts* as to his competency and fitness is positively guaranteed to every litigant by the plain provisions of the statute, and the denial of this right in any case, and especially in a case where the formation of the jury was so all-important, is a prejudicial error. (Gen. Stats., chap. 62, art. 5, sec. 5; Civil Code of Practice, sec. 316; Criminal Code of Practice, subdivision 2, title 6, chap. 6, p. 40; Blackstone, vol. 3, p. 363; Watson v. Whitney, 23 Cal., 375; Davis v. Hunter, 7 Ala., 135; Maize v. Sewell, 4 Blackf., 447; The Justices, &c., v. Plank Road Co., 15 Ga., 39; Farmers' Bank v. Smith, 19 Johnson (N. Y.), 115.)

BROWN, HUMPHREY & DAVIE FOR APPELLEE.

1. The court below examined the twenty-four jurors fully, and showed that they had no bias, and the court then allowed counsel for appellant to interrogate them until he expressed himself as satisfied. There was no error, therefore, in the impaneling of the jury.

2. The examination of jurors to see whether they are competent and free

from bias is largely left to the discretion of the lower court, and that court may examine the jurors itself, or permit counsel to do so. (38 Miss., 227; Thompson & Merriam on Juries, secs. 240 to 253; Bales v. State, 63 Ala., 30.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

It is not necessary to discuss the facts of this case, as the identical questions of fact arising in the present case have been heretofore passed on by this court in more than one opinion, in which it was held, in effect, that the testimony authorized the verdicts rendered. The only remaining question to be considered is found in one of the grounds relied on by the appellant in its motion for a new trial. It is insisted that, in the formation of the jury, the court erred in refusing to permit counsel for the appellant to interrogate the members of the panel, with a view of ascertaining whether they were competent or fit jurors to try the issue between the insurance company and the appellee.

Under the jury system of this State, twenty-four of the jurors furnished constitute the regular panel; and in all civil cases, where either party requires it, the clerk shall draw from the box the names of eighteen of the jury, having deposited in the box on slips of paper the name of each member constituting the panel —twenty-four. A list of the eighteen is then deliv ered to the litigants, and each may strike three names from the list, and the first twelve names not erased shall constitute the jury to try the case. This is the statute on the subject. Before either party can be required to strike any name from the list of eighteen, he is entitled to challenge, for cause, any juror

on the list, and have others drawn competent to try the case, and when eighteen men are selected who can give to the litigants a fair and impartial trial, the parties will be required to strike from the list if they desire, but not before. It is the practice in some of the circuits to interrogate the entire panel of twenty-four, so as to have the panel composed of those free from bias or prejudice, and then their names placed in the box from which the eighteen jurors are drawn. That seems to have been the proceeding adopted in this case, and when the entire panel had been questioned by the court in such a. manner as to show them all to be fair and impartial triers in the particular case, their names were deposited in the box, and the regular names drawn from it. This certainly worked no injustice, but was the means of insuring to the appellant a fair trial. After the eighteen had been drawn there was no challenge made of any juror for cause, but counsel, with a view of asking such questions as might show the juror biased in favor of the plaintiff, offered to interrogate each individual juror, or the entire jury, and this the court refused, for the reason, doubtless, that the jurors had already been examined as to their bias, the one way or the other, and found competent to try the case. The examination of jurors for the purpose of acceptance by the one party or the other must necessarily be left to the judicial discretion of the judge; and while pertinent questions should be allowed to be asked by counsel, if the court should deny this right, and interrogate the juror from the bench, so as to show that the juror is honest and

impartial as between the litigants, that fact appearing of record, there can be no reason for reversing the judgment when neither party has been prejudiced by the action of the court. In this case the court propounded to the jury, and to certain members of the jury, all the questions desired to be asked by counsel, and until counsel announced themselves *satisfied;* and the fact clearly appears that the jurors selected had no bias the one way or the other; were not related to the parties; had neither formed nor expressed an opinion, and knew nothing as to the merits of the controversy.

The statute provides: "But before either party shall be required to strike, those on the list may be challenged for cause, and others drawn and placed on the list in the place of as many as may be set aside for cause." (General Statutes, chapter 62, section 5, article 5.)

The objection made in this case is, that the court, instead of counsel, interrogated the jurors; and while either party may interrogate a juror by counsel, to know the condition of his mind with reference to the controversy, if the court has done this for him, and no challenge for cause was made and none existed, the denial of the right complained of does not demand a reversal.

The judgment is, therefore, affirmed.