## Shellman v. Louisville Railway Company.

(Decided March 16, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1.  Pleadings—Purpose    Thereof—Damages    Recoverable—Changed Conditions During Trial.—The purpose of pleadings is to bring the parties to an issue, and it would be manifestly unjust to permit a party to sue for special damages of $100.00 and then during the progress of the trial to amend and seek $600.00 damages without giving the opposing party an opportunity to meet this changed condition.

2.  Excusing Juror—Right of Court.—A court did not err in excusing a juror on its own motion whose brother had a suit pending at the same time against the same company.

3.  Jurors—Rights in Considering Evidence.—Where a jury had the plaintiff and his witnesses before them, and saw the way and manner in which they testified, this court is not prepared to say that under the evidence as we read it, the jury was not entirely warranted in accepting the defendant's theory as correct.

4.  Erroneous Instruction—Not Prejudicial.—This court will not reverse a case because an erroneous instruction was given when it appeared that it was not prejudicial.

POPHAM, TRUSTY & ROOSE for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This suit was instituted in the Jefferson Circuit Court by appellant for the purpose of recovering damages for personal injuries alleged to have been sustained by him on May 18th, 1910, while boarding one of appellee's passenger cars at Fifth and Market streets. The petition charges that the car had stopped at Fifth and Market to permit appellant and others to become passengers thereon, and that while he was in the act of getting upon the car, which was known as a "summer" car, with the side

next to the street entirely open and a running board along the entire length thereof, the car started suddenly with a jerk and threw him against the seat, either in front or behind him, it is not entirely clear which, and injured his knee and strained his back; that his injury was caused by the negligence of those in charge of the car in starting it before he had had opportunity to enter. The company denied liability, and pleaded contributory negligence. Upon these issues the case was tried out, with the result that the jury returned a verdict in favor of the defendant company, and the plaintiff appeals.

The first error complained of is that the court erred in refusing to permit him to file an amended petition. Relative to this matter, the facts are as follows: In the original petition the plaintiff claims special damages for the loss of time in the sum of $100. Conceiving that his proof authorized a greater recovery upon this item, an amended petition was prepared and offered, in which the plaintiff sought to recover, as special damages, the sum of $600 for lost time. This the court refused to permit to be filed, unless, upon doing so, the swearing of the jury should be set aside and the case continued. Rather than have this step taken the plaintiff withdrew his offer to file, but saved an exception to the court's ruling.

The right to file amended pleadings is controlled by section 134 of the Code of Practice. This section has been many times construed by this court as giving to the trial court a broad discretion in determining when amendments offered should be permitted to be filed. The general rule is that such pleadings must be in furtherance of justice and not materially change the claim or defense; and it is only where it clearly appears that the rulings of the trial courts, in permitting or rejecting amendments, would defeat the ends of substantial justice that such rulings will be interfered with. Greer v. City of Covington, 83 Ky., 410; I. & N. R. R. Co. v. Pointer's Admr., 113 Ky., 952; and Title Guaranty & Surety Co. v. Commonwealth, 141 Ky., 570. The reason for this ruling is obvious. The purpose of pleadings is to bring the parties to an issue; to reach a point in the proceeding where a proposition is affirmed by one party and denied by another. After the issue is made up each party has a right to rely on the court's confining the opposing party to the introduction of such evidence as will tend to establish his side of the controversy. Hence, it

would be manifestly unjust to permit a party to sue for special damages amounting to $100 and then, during the progress of the trial, to permit him to amend and seek $600 damages without giving to the opposing party an opportunity to prepare himself to meet this changed condition. The petition was filed May 25, 1910, the answer on October 25, 1910, and a reply on the 5th of November, 1910. The trial was not had until May, 1911. The evidence upon which the amended petition was based was that of plaintiff himself. He was entirely conversant with all of the evidence upon which he sought to rest his right to recover $600 as special damages, and he should not have waited until the case went to trial before offering his amendment. Under the circumstances, we think the rulings of the court in rejecting this pleading entirely proper.

There is another good reason why this ruling of the court was not prejudicial to appellant, and that is that inasmuch as the jury found for the defendant it would have been immaterial whether the claim for special damages was one for $100 or $600. If an error had been committed by the court in refusing to permit the amendment to be filed, it would be cured by the verdict.

It is next urged that the court erred in peremptorily excusing a juror from the panel upon his having stated that his brother had a suit pending against the defendant company. It is urged that this did not disqualify him. It is the policy of the law, under our present system, to submit to the parties a list of eighteen qualified jurors, from which each has the right to strike three, and it is the duty of the court, as far as possible, to see that, when the list is submitted, none but qualified jurors are on it. The fact that a juror's brother had a suit pending against the same company would not necessarily disqualify him, but it would certainly, under normal conditions, have a tendency to bias or warp his judgment, and the court did not err in excusing this juror on his own motion. The right of the court to interrogate the jurors, in order to ascertain their qualification, was expressly recognized by this court in London and Lancashire Fire Ins. Co. v. Rufer's Admr., 89 Ky., 525.

The next ground urged for reversal is that the verdict is against the evidence. If we consider alone the statements made by the plaintiff and his principal witness and doctor, this position is well taken. But the

company denied that it was guilty of any negligence whatever. Its theory was that the plaintiff was not injured at all. The jury had the plaintiff and his witnesses before them and saw the way and manner in which they testified, and we are not prepared to say that, under the evidence as we read it, the jury was not entirely warranted in accepting the defendant's theory as correct. Plaintiff's conduct was strangely at variance with that of a man of mature years and good judgment. Although claiming that he was so seriously injured as to render him very sick at the time, he made no complaint whatever, either to those in charge of the car or any of the passengers thereon; and the first notice that the company had that he was claiming to be injured was that which it received by the service of the summons. There is evidence showing that he had been suffering for some time theretofore with a skin disease which had produced varicose veins, and, from the evidence of Dr. Harris, this may have produced the trouble of which he was complaining at the time of the trial. Under this state of facts we would be unwilling to say that the verdict was so flagrantly against the evidence as to warrant the conclusion that it was the result of either mistake, prejudice or passion.

Lastly, it is complained that the court erred in instructing the jury. The instructions for plaintiff are criticised because the court therein used this language: "If you shall believe from the evidence that the plaintiff attempted to board the car," etc., thus putting in issue the question as to whether or not he did attempt to board the car, when all the evidence showed that he did, and there was no evidence at all to the contrary; and any injury received by him was sustained while making this attempt. It is argued that this instruction was misleading. Technically speaking, this criticism is fair, but it is apparent that it in nowise affected the verdict and was not misunderstood by the jury. For by this instruction the court plainly told them that if, while plaintiff was attempting to board the car, those in charge of it negligently started the car, and he was thereby thrown forward and injured, they should find for him against the company. This was the ground upon which he based his right to recover—that the car was negligently started, causing him to strike his knee against the bench and wrench his back. The jury understood it. There is no

question but what he boarded the car. But from his conduct at the time he is alleged to have been injured—the way and manner in which he testified—and his previous ailment, there was a doubt as to whether he was injured at all, and the jury evidently did not believe that he was.

Complaint is also made because the court gave an instruction on contributory negligence. Under the evidence introduced none should have been given, as there was no evidence tending to show that, in getting into the car, the plaintiff was guilty of any negligence. It is apparent that the verdict of the jury was not rested upon this instruction, and we have repeatedly held that, although an erroneous instruction is given, the case would not be reversed on that account where it was apparent that it was not prejudicial. Louisville Ry. Co. v. Byer's Admr., 130 Ky., 442; C. & O. Ry. Co. v. Ward's Admr., 145 Ky., 736.

Finding no error in the conduct of the trial prejudicial to appellant's substantial rights, the judgment is affirmed.