## Samuels v. Louisville Railway Company.

(Decided December 6, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Carriers — Passengers — Evidence — Peremptory Instruction — Question for Jury.—In an action against a street railway company for injuries to a passenger while entering a car, alleged to be due to the sudden starting of the car, evidence examined and held that the question of negligence and whether or not plaintiff was injured was for the jury.

2. Witnesses—Credibility—Manner of Testifying.—The jury in weighing the testimony of a witness, may consider his demeanor and appearance, and from these and other circumstances may conclude that the witness is not worthy of credit, and disregard his entire testimony.

3. Carriers—Passengers—Injuries—Negligence.—If a car be moved while a passenger is upon the steps of the car, and before he has had a reasonable opportunity to reach the platform and he is thereby injured, he is entitled to recover, whether the car is moved by an ordinary and usual, or an unusual and unnecessary jerk; on the other hand, where a passenger has had an opportunity to reach the platform of the car, the company is not liable unless the car is started with an unusual jerk, except in those cases where the passenger is old, feeble, crippled, or in a condition which makes it reasonably apparent to those in charge of the car that he needs unusual care and precaution for his protection.

4. Carriers—Passengers—Injury—Pleading—Instructions.—In an action against a street railway company for injuries to a passenger, alleged to have been caused by a sudden and unusual jerk of the car before plaintiff had been given a reasonable opportunity to fully board and enter said car, an instruction telling the jury that if they believed from the evidence that while plaintiff was in the act of boarding the car, and before she got to a place of safety on the car, those in charge of the car started the car suddenly and with an unusual jerk, and she was thrown thereby against the car, or any part thereof, and injured thereby, the law was for the plaintiff and they should so find, was proper.

5. Carriers—Passengers—Contributory Negligence—Instructions.—In an action for damages for injuries to a passenger while entering a car, evidence examined, and held that an instruction on contributory negligence was not prejudicial.

POPHAM, TRUSTY & ROOSE for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Barbara Samuels, brought this action against defendant, Louisville Railway Company, to recover damages for personal injuries. She charged in her petition that on or about October 30, 1910, she desired to become a passenger on a car of the defendant company at Fourth and N streets in the city of Louisville; that defendant stopped its car at said point for said purpose, whereupon she attempted to board same while the same was at rest, when defendant and its agents in charge of said car, with gross negligence, while she was in a place of peril, and before she had been given a reasonable opportunity to fully board and enter said car, did then and there cause and permit

said car to violently start forward with an unusual and violent lurch, whereby she was thrown against portions of the car with great force, and permanently injured in her limbs, body and back, and in her internal regions and nervous system, and causing her great mental and physical suffering, and permanently impairing her earning power, to her damage in the sum of $5,000. Defendant's answer contained a traverse and a plea of contributory negligence. The jury returned a verdict in favor of defendant. Judgment was entered accordingly, and plaintiff appeals.

Plaintiff testifies that she was standing at Fourth and N street when the car stopped. She had just gotten on the platform when the car gave a surge and she fell and struck her side on the back rail. The car started with an unusual jerk. When the car started she was right at the edge of the platform where she got up. When she fell, her side hurt her so badly she could not get her breath. After the accident she suffered a great deal. She first went to see Dr. Coleman, who examined her and told her to return. She did not go to see him again. She afterwards went to see Dr. Gatz, who applied some adhesive plasters to the place where she was hurt. Since the accident she had been unable to do her work well. She could not walk up stairs as she had done previous to the accident, but had to hold to the steps. Her side still hurt her a good deal when she was walking around and doing her work.

Mrs. Annie Eskridge, a neighbor who lived just across the street from plaintiff, was with plaintiff at the time of the accident. She testifies that they had a baby with them—a great-grandchild of plaintiff. She put the baby on first. Plaintiff then started to board the car. Fearing the baby would fall, Mrs. Eskridge got on the car in front of plaintiff. When Mrs. Eskridge reached the center of the platform the car gave a sudden jerk, which would have thrown her had she not caught the railing. Plaintiff was thrown against the rail of the car. When they returned to plaintiff's home, witness discovered a ridge along plaintiff's side about three inches long, which was swollen and bruised. Nearly every night during the winter, she waited on plaintiff, applying liniments to the bruised parts and rubbing them. Before the accident plaintiff had no difficulty in moving around. During the winter plaintiff was not able to get out and do her work. At the time witness testified, plaintiff had

improved, though she was not able to do her work well then.

J. F. Williams, who appeared at the courthouse on the morning of the trial and who had never talked to any one regarding the case, testified that he was on the corner of Fourth and N streets at the time plaintiff was injured. Saw plaintiff getting on the car, when the car started, causing plaintiff to fall and hit her side. Did not think plaintiff had time to get into the car. She had just reached the top step when the car started. Could not say whether the car started with an unusual jerk or not.

Dr. Gatz testified that he was called to attend plaintiff on November 7, 1910. Found very little objective evidence of injury. Plaintiff complained of suffering pain in her back and left side. He prescribed several different liniments for her. Her symptoms were mostly subjective. Upon his last visit, plaintiff's suffering was not as great as it had been before.

For the defendant, Mr. Funk, its general superintendent, testified that he knew nothing of the accident until the suit was filed. He then caused an investigation to be made, and every employe on the line questioned, but was unable to secure any information in regard to the alleged accident. Later, he caused plaintiff's deposition to be taken, and then made another investigation, but was unable to learn anything in regard to any injury to plaintiff at the time and place complained of.

Dr. W. H. Coleman testified that he was consulted by plaintiff on November 4, 1910. Plaintiff complained of soreness between the hips and ribs. The memorandum he took at the time shows "No abrasion of the skin at all." There was no evidence of injury except her statement that she was suffering. Her condition was normal as to pulse and in other respects.

It is first insisted that inasmuch as plaintiff made out her case by uncontroverted testimony, the court erred in refusing a peremptory instruction to find for her. While it is true that plaintiff and Mrs. Eskridge say that the car was started with an unusual jerk, J. M. Williams, who claims to have been present and to have seen plaintiff board the car, testifies that he could not say that the car was started with an unusual jerk. In view of this fact, and of the further fact that plaintiff and her chief witness failed to remember certain things which witnesses similarly situated would ordinarily re-

member, and in view of the fact that the physicians were unable to find any objective symptoms of injury, we conclude that the question whether or not the car was started with an unusual jerk, and whether or not plaintiff was injured, was properly submitted to the jury. In a case very similar to this the court held that the jury, in weighing the testimony of the witness, may consider his demeanor and appearance, and from these and other circumstances may conclude that the witness is not worthy of credit, and disregard his testimony. Howard v. Louisville Railway Co., 105 S. W., 932.

It is next insisted that instruction No. 1 given by the court did not properly present the law of the case. This instruction is as follows:

"If you believe from the evidence in this case that the plaintiff, Barbara Samuels, while the defendant's car was standing at Fourth and N streets at the time in regard to which you have heard testimony, attempted to board the same, it became the duty of the agents and employes of the defendant, Louisville Railway Company, to exercise the highest degree of care to enable her to board the car in safety, and if you believe from the evidence in this case while she was in the act of boarding the car and before she got to a place of safety upon the car, those in charge of the car started the car suddenly and with an unusual jerk, and she was thrown thereby against the car or any part of it and injured thereby, the law of the case is for the plaintiff and you should so find. But, unless you believe from the evidence that while the car was standing she was in the act of boarding the car and before she got to a place of safety upon the car those in charge of the car negligently, suddenly started the car forward with an unusual jerk and she was thereby thrown against the car and injured, the law of the case is for the defendant and you should so find."

The particular complaint of this instruction is that plaintiff was entitled to a reasonable opportunity to board the car, and that if the defendant failed to give her a reasonable opportunity to board the car she was entitled to a recovery, whether the car was started by a usual or an unusual jerk, while the instruction authorized a recovery only in the event that there was a sudden and unusual jerk. The principle of law contended for by plaintiff is correct. If a car be moved while a passenger is upon the steps of the car, and before he has had a reasonable opportunity to reach the

platform, and he is thereby injured, he is entitled to recover, whether the car is moved by an ordinary and usual or an unusual and unnecessary jerk. The negligence consists in the mere act of moving the car before the passenger has had a reasonable opportunity to board it. L. & N. R. R. Co. v. Arnold, 31 R., 414; C. & O. Ry. Co. v. Borders, 140 Ky., 548. On the other hand, where the passenger has had an opportunity to reach the platform of the car, the company is not liable unless the car is started with an unusual jerk, except in those cases where the passenger is old, feeble, crippled, or in a condition which makes it reasonably apparent to those in charge of the car that he needs unusual care and precaution for his protection. Lexington Railway Co. v. Britton, 130 Ky., 676; I. C. R. R. Co. v. Ball, 150 Ky., 531. If, therefore, plaintiff had pleaded that the car was started before she had a reasonable opportunity to board the same, or had pleaded facts showing that she was entitled to unusual care and precaution, her complaint of the instruction would be well founded. Such, however, is not the case. She alleges that she was injured "before she had been given a reasonable opportunity to fully board and enter said car." Under the rule that a pleading must be construed most strongly against the pleader, this was simply an allegation that she was injured before she had been given an opportunity to enter the car. We, therefore, conclude that the instruction complained of is not erroneous when considered in the light of the averments of the petition and the evidence introduced by plaintiff.

Complaint is made because the court gave an instruction on contributory negligence. While it is true that there is no evidence tending to show that plaintiff was negligent while getting on the car, and an instruction on contributory negligence should not, therefore, be given, it is apparent that the verdict of the jury was not rested on this instruction. That being true, we conclude that the giving of the instruction was not prejudicial to plaintiff's substantial rights. Shellman v. Louisville Railway Co., 147 Ky., 529; Louisville Railway Co. v. Byer's Admr., 130 Ky., 442; C. & O. Ry. Co. v. Ward's Admr., 145 Ky., 736; Bennett v. Louisville Railway Co., 122 Ky., 61; Howard v. Louisville Railway Co., 105 S. W., 932.

Judgment affirmed.