## Webb v. Commonwealth.

(Decided March 6, 1928.)

### Appeal from Warren Circuit Court.

1. Jury.—Action of trial court in excusing two members of jury panel over 60 years of age, who were not challenged by either party, held not error, irrespective of whether such ruling was equivalent to a challenge for cause, which, under Criminal Code of Practice, secs. 281, 196, and 200, is not ground for exception, since jurors over 60 cannot, under Ky. Stats., sec. 2253, be compelled to serve.

2. Criminal Law.—Where trial court had discharged two members of jury panel on account of their age, under Ky. Stats., sec. 2253, action in overruling motion to discharge the remaining jurors, and begin the formation of the jury anew, claimed to be reviewable as not constituting motion to discharge panel, as defined by Criminal Code of Practice, secs., 199, 200, if reviewable, was in any event not prejudicial, where it did not appear that defendant, who claimed to have thus been limited in exercise of his peremptory challenges, asked court for additional challenges, or exhausted those remaining to him.

3. Rape.—In prosecution for rape, under Ky. Stats., sec. 1154, court's instruction requiring jury to believe to the exclusion of a reasonable doubt that act of intercourse was committed forcibly, and without consent of prosecutrix, fully protected defendant's rights, and failure of court to give an affirmative instruction for defendant on theory of prosecutrix's consent was not error.

4. Rape.—In prosecution, under Ky. Stats., sec. 1154, for rape of female over 16 years of age, in which indictment failed to state age of defendant, action of court in submitting felony instruction was not error, notwithstanding defense of consent, where evidence showed prosecutrix to be over 21, and commonwealth was not seeking a conviction under Ky. Stats., Supp 1926, sec. 1155, punishing sexual intercourse had with consent, but was claiming act was forcible.

R. K. MYERS, G. D. MILLIKEN and MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

On an indictment drawn under section 1154, Ky. Statutes, charging him with the rape of a female over 16 years of age, the appellant, Andrew Webb, was tried in

the Warren circuit court, found guilty, and sentenced to 10 years in the state penitentiary. On this appeal it is urged that the court erred in excusing two jurors. It appears that the panel of twelve jurors was accepted by the commonwealth, and passed to the defendant, who exercised seven peremptory challenges, leaving five jurors accepted by both parties, when two of the five who were over the age of 60 years asked to be excused on account of their age and inability to be kept together on the jury, it further appearing that one of these was suffering from a previous electrical shock. Defendant objected, but the court excused them, to which defendant objected, and moved to discharge the other three; this was overruled, and, upon completion of the jury, he again moved to dismiss the entire panel, which was also overruled.

Section 281 of the Criminal Code of Practice provides:

"A decision of the court upon challenges to the panel for cause . . . shall not be cause for exception."

Section 199 defines a challenge to the panel as being "only for a substantial irregularity, in selecting or summoning the jury, or in drawing the panel by the clerk," and section 200 seems to restrict such challenges to the entire regular panel; hence section 281 would seem not to apply to errors of the court in the formation of the jury, but only to erroneous rulings upon challenge for cause. In the latter respect this provision has been liberally construed, and in numerous cases it has been stated that the action of the court in the formation of the jury cannot be reviewed on appeal, though in each of the cases in which this language has been used we think it will appear from an analysis of the facts that the complaint related to a ruling upon a challenge for cause. It is here argued that the notice to discharge the remaining members of the jury was not a motion to discharge the panel, as defined in sections 199 and 200, and that therefore it is reviewable. It is also urged that the court erred in discharging the two jurors; that these were not challenged by either party, and therefore they were not challenged for cause; hence the ruling of the court is not embraced in section 281, and is subject to exceptions. Considering the last question first, the two jurors were over 60 years of age, and under the express provisions of the Kentucky Statutes, section 2253, could not be compelled

to serve; hence the court did not err in excusing them, and we need not decide whether his ruling in so doing was equivalent to a challenge for cause.

It is argued that appellant had a right to exercise fifteen peremptory challenges; that he used seven of these in selecting the first five jurors, and had remaining eight challenges to be exercised in selecting the remaining seven members of the jury; that in excusing two jurors the court required him to pass on nine additional members, subject to only eight challenges, and, in effect, reduced the number of his peremptory challenges, and, though it was permissible to excuse the two jurors, that nevertheless the court erred in overruling the motion to discharge the remaining three jurors; and to begin the formation of the jury anew, and that, for the reasons stated above, his action in so doing can be reviewed by this court. As to this the record does not disclose that appellant asked the court for additional challenges or even exhausted those remaining to him or that he was otherwise prejudiced; hence, if these rulings of the court are reviewable, we cannot say that appellant was prejudiced thereby.   See Sullivan v. Com., 169 Ky. 797, 185 S. W. 134.

2.   The defense was that prosecuting witness voluntarily consented to the act of sexual intercourse, and it is insisted that the court erred in not giving an affirmative instruction for the defendant on this theory of the case. Perhaps this would have been proper, but, as the first instruction required the jury to believe to the exclusion of a reasonable doubt that the act was committed forcibly and without the consent of the prosecutrix and a reasonable doubt instruction was given, we think his rights were fully protected in this particular.   We have so held in Clymer v. Com., 64 S. W. 409, 23 Ky. Law Rep. 1041; Lake v. Com., 104 S. W. 1003, 31 Ky. Law Rep. 1235.

It is urged, however, that the indictment charges a misdemeanor only, and that the court erred in submitting a felony instruction.   The argument is that section 1155 (Supp. 1926), which provides a punishment for the act of sexual intercourse with one under 21 years of age, is a degree of the offense of rape denounced by section 1154, under which the indictment was drawn; that under section 1155 (Supp. 1926), if the defendant is under 21 years of age, he can be punished for a misdemeanor only; and, inasmuch as his defense is consent of the prosecutrix, that it is essential for his age to be stated in the indict-

ment, otherwise it states a misdemeanor only. The fundamental error into which appellant has fallen is that the indictment charges rape upon a female over 16 years of age. The proof shows the prosecuting witness to be over 21 years of age, and the commonwealth is not asking a conviction under the consent statute. Under the instructions given, if the jury believed that the prosecutrix consented to the sexual act, they were bound to acquit defendant; hence we are not now concerned with the rule of law applicable to a defense of consent in a case where the indictment charges rape upon a female under 21 years of age, and the facts show her to be under that age.

3. We have considered the evidence in this case very carefully, and entertain the gravest doubts as to whether it is sufficient to sustain the verdict. Leaving out of question the credibility of the witnesses and the contradictions in their testimony, the statements and admissions of the prosecutrix, together with the physical facts, are of such a nature that, when considered in the light of human experience and the conduct of ordinary persons under like circumstances, it can hardly be conceived that she did not consent to the sexual act, and a verdict based thereon is not only against the weight of the evidence, but palpably so, and for this reason we feel that appellant should be awarded a new trial. The evidence itself is of a salacious character, and involves others beside the defendant and prosecutrix, and, inasmuch as neither the commonwealth nor defendant can be prejudiced by failure to print it, we feel no good purpose could be gained thereby.

Wherefore the case is reversed, and cause remanded for proceedings consistent with this opinion.

Whole court sitting except Judge Logan.