## Arthur v. Rose.

Jan. 16, 1942.

S. S. Willis for appellant.

J. W. McKenzie for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellant's decedent, a fourteen-year-old boy, died as the result of injuries sustained when he was dragged on his back a distance of approximately 352 yards with his right foot entangled in the bumper of appellee's automobile. There was no evidence showing that appellee was responsible for the contact which resulted in the entanglement or that he was guilty of negligence in the operation of his car, but it is insisted by appellant's counsel that he knew, or by the exercise of ordinary care could have known of the child's resulting peril and stopped his car in time to have avoided the fatality. Likewise there was no evidence showing that the boy was in any manner to blame for the unfortunate sequence of events which resulted in his death, although it is argued by appellee's counsel that it was impossible for his foot to have become fastened in the bumper except by his voluntary act in attempting to ride thereon. If the uncontradicted testimony is to be believed, we are confronted with one of those inscrutable events through which suffering is wrought without the interposition of a

wrongdoer, difficult to rationalize and impossible to visualize without a detailed description of the surrounding circumstances:

On January 10, 1940, Blackburn Avenue, which extends eastwardly and westwardly through the southwest corporate limits of Ashland, was covered with snow and ice. An incline beginning at a slight curve in the paved street terminated at a railroad crossing, and on the north side of the street was a path used by pedestrians, along which, Carl Arthur and two younger companions were returning from school. Appellee, in a closed car with his wife, was driving westwardly at slow speed with his car in second gear. When the car reached the curve in the Avenue at the top of the incline it began to skid and continued skidding until it stopped against the south curb, from which point it proceeded under its own power and appellee's control.

According to the testimony of Carl's two companions the rear end of the car first hit the north curb and entangled Carl's leg in the bumper, which, as a result of the skidding, extended over the curb. From this point Carl was dragged to the south side and from there down the incline and over the railroad crossing where appellee was hailed by a spectator.

Appellee testified that he did not think that his car hit the north curb, and that he was totally unaware that it had come in contact with anyone. His counsel insists that the size of the boy's foot and the dimensions of the bumper and its construction, rendered it impossible for decedent's leg to have been caught in the manner described by his companions. But the essential and controlling facts are that it is not shown either that the skidding of the car was due to any fault of the appellee, or that he knew or had any reason to suspect that his car had come into contact with any person until he had traversed the entire distance and his car had been stopped in the manner referred to. He testified that he had passed the boys some twenty or thirty feet before his car began to skid; and it is undisputed that they were in a position of apparent safety as he passed and when the skidding began. No one disputes the fact that the windows of his car were closed, and while several persons, by screaming, attempted to apprise him of the fact that the boy was attached to the rear of his car as it descended the hill toward the crossing, there is no indica-

tion that he knew, or had any reason to anticipate, or could, by the exercise of ordinary care, have discovered the boy's presence or peril.

It has long been the law that an operator is not liable for injuries resulting from the skidding of his automobile on an icy street or incline in the absence of evidence that the skidding resulted from improper speed or negligent driving. Risen v. Consolidated Coach Corporation, 274 Ky. 342, 118 S. W. (2d) 712. In fact, it is not contended otherwise by appellant's counsel, and his major complaint is that the Court erred in giving an instruction on contributory negligence since there was no evidence that appellant's decedent had attempted to board appellee's car or committed any act which brought him into contact with it or jeopardized his safety. But the jurors expressly stated in their verdict that they found for the defendant "under the Instruction No. 1," and this instruction merely stated the duties required of the appellee in the operation of his car, and predicated his liability upon his violation of one or more of them. The contributory negligence instruction was designated "No. 2," and, hence, it is unmistakably clear that the jury disregarded it, and that the error of the Court in giving it was not prejudicial. To hold otherwise, it would be necessary for us to disregard the provisions of Section 756, Civil Code of Practice, and to overrule our decisions in the cases of Shellman v. Louisville Railway Company, 147 Ky. 526, 144 S. W. 1060; Samuels v. Louisville Railway Co., 151 Ky. 90, 151 S. W. 37.

The tendered instruction on discovered peril directed the jury to find for appellant if it believed from the evidence that after the automobile struck the decedent and thereby placed him in a position of danger, "the defendant knew or by the exercise of ordinary care should have known thereof in time to have saved the life of said Carl Edward Arthur by the exercise of ordinary care, and failed to do so." Counsel's argument that this instruction should have been given is based solely upon the fact that after regaining control of his car when it came to a stop at the south curb, the appellee resumed his journey down the street toward the crossing with the windows of his car closed and without looking to ascertain whether or not anyone had been placed in a position of peril as a result of the preceding events. But, as heretofore stated, we have found nothing in the evidence

which would indicate that the appellee knew, or had any reason to suspect that anyone had become entangled in the bumper of his car as a result of the skidding or otherwise; and we know of no rule of law or caution which would require anyone to drive with the windows of his car open in order that he might hear the voice of someone who might attempt to apprise him of another's peril, or which would require him to inspect the rear of his automobile in order to discover an unanticipated presence. We find no justification for the statement of appellant's counsel that appellee "shut himself inside his car and deliberately disabled himself from hearing the screams of the boys or the warnings attempted to be given him."

The doctrine of "Discovered Peril" or "Last Clear Chance" is humane and wholesome, but necessarily requires for its application evidence that the person in charge of the instrumentality inflicting the injury knew, or by the exercise of ordinary care could have known, of the peril of another which he is charged with the duty of attempting to avoid. For the sake of brevity we shall refrain from citing the numerous authorities to this effect.

Enough has heretofore been said to render unnecessary any discussion of appellant's final contention that the verdict forming the basis of the judgment from which he has appealed is flagrantly against the weight of the evidence.

Judgment affirmed.