**Herbert WILSON et al., Appellants,**

**v.**

**Vernon WHITIS, Appellee.**

Court of Appeals of Kentucky.

June 13, 1958.

Fritz Krueger, Russell Jones, Somerset, for appellants.

C. Homer Neikirk, Somerset, for appellee

WADDILL, Commissioner.

An automobile owned and operated by appellee, Vernon Whitis, was involved in a collision with a car owned by Dallas Wilson and driven by his son Herbert, both of whom are appellants herein. Herbert Wilson sustained personal injuries in the accident and both vehicles were damaged.

Appellee filed this action against appellants alleging that the collision was caused by the negligence of Herbert Wilson while operating the car with his father's consent. Appellee sought $400 for the damage to his automobile. Appellants filed an answer and counterclaim seeking $20,750 for personal injuries allegedly sustained by Herbert Wilson, and $400 for the damage to the automobile.

A jury found both drivers negligent, and judgment was entered denying recovery to either party.

For reversal, it is urged that the court erred in failing to give an instruction offered by the appellants under the "last clear chance" doctrine. Assuming that the facts

in this case justify the application of this doctrine, appellants' contention is without basis because the instructions given included this theory of recovery.

Judgment affirmed.