Herbert CAIN, Jr., and Marcus Wooton, Appellants,

v.

Edna Pauline WILKINS, Administratrix of the Estate of Nicholas E. Wilkins, and Great American Indemnity Company of New York, Appellees.

Court of Appeals of Kentucky.

June 20, 1958.

Duff Arnett, Hazard, for appellants.

A. E. Cornett, Hyden, for appellees.

CAMMACK, Judge.

This action was instituted in October 1956 by the appellee, Edna Pauline Wilkins, administratrix of the estate of her deceased husband, Nicholas E. Wilkins. It was brought against Herbert Cain, Sr. and the appellants, Herbert Cain, Jr. and Marcus Wooton, to recover $1,003.80 funeral expenses and $20,000 damages for the alleged wrongful death of Nicholas Wilkins in a truck collision. A pickup truck driven by Wilkins was struck by a coal truck belonging to Herbert Cain, Jr. and being driven by Wooton. Wilkins was killed instantly. Without objection, the complaint was dismissed as to Herbert Cain, Sr. The appellee, Great American Indemnity Company of New York, intervened as a party plaintiff to establish its right to subrogation under the Workmen's Compensation Act because Nicholas Wilkins was covered by the Act. The trial court ruled that the issue of negligence be tried without reference to the Compensation question. The trial resulted in an award of $15,000 for the administratrix, from which Great American was allowed its compensation credit. This appeal challenges both the trial procedure and the final judgment.

The appellants contend that reversal should be granted because (1) the evidence of their negligence was insufficient to warrant submission of the case to the jury; and (2) evidence of the claim of Great American should have been admitted for the jury's consideration.

The collision occurred at a sharp curve about five miles west of Hyden late in an afternoon of March 1956. It had been raining during the day but was not at the time of the collision. Wilkins, an employee of Wayne Supply Company, was driving his employer's truck west at a speed of 30 to 40 miles per hour on the wet and slippery highway toward the curve. Marcus Wooton was driving the appellant's empty coal truck east at a speed estimated by some witnesses as high as 40 miles per hour. Wooton, who had traversed the road several times that day, said the truck's speed was 25 miles per hour. As the coal truck came around the sharp curve it went into a skid and traveled crosswise the highway until it collided with the smaller truck, which Wilkins was attempting to pull off the highway onto a wide shoulder. Wooton said his truck skidded 50 feet or more. Eyewitnesses said the coal truck skidded about 100 feet.

The appellants argue that the operator of a motor vehicle is not liable for the skidding of his vehicle on a slippery road in the absence of a showing of improper speed or other acts of negligent driving, since it is common knowledge that a motor vehicle may skid on a slippery road without any negligence on the part of the driver. They cite Risen v. Consolidated Coach Corp., 274 Ky. 342, 118 S.W.2d 712; Arthur v. Rose, 289 Ky. 402, 158 S.W.2d 652; Atlantic Greyhound Corp. v. Franklin, 301 Ky. 867, 192 S.W.2d 753. One of our latest cases on the question is Hall v. Ratliff, Ky., 312 S.W.2d 473. See, also, Clement Brothers Construction Co. v. Moore, Ky., 314 S.W.2d 525. In the cases cited by the appellants there was either no evidence of probative value relative to the speed of the vehicle or it was shown that the speed was from 10 to 15 miles per hour. In the instant case the coal truck was shown to have been traveling from 25 to 40 miles per hour around a curve known to be deceptive and slippery when wet. "I would say it would be an awful bad curve," was the driver's description. In Risen v. Consolidated Coach Corp., 274 Ky. 342, 118 S.W.2d 712, 714, we said that perhaps *proof* that the ve-

hicle was being driven at a speed of 35 to 40 miles per hour over the ice-covered road would have warranted submission of the issue of negligence to the jury. We believe that the proof in the instant case showing that the coal truck was traveling at 25 to 40 miles per hour around a known dangerous and slippery curve required submission of the issue of negligence to the jury, despite the fact that it was not shown what speed would have been safe. Certainly, the speed of the coal truck, which had been driven over the road by Wooton several times that day, was not safe. The instructions given by the court covered adequately the appellant's "unavoidable accident" theory. Had the jury believed from the evidence that the truck was traveling at a safe rate of speed when it started to skid, it could have found for the appellants.

■ The trial court did not err in excluding from the jury all reference to the indemnity claim of Great American. In Louisville & N. R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707, we said in effect that, where an insured had been paid all damage in excess of $100 on a $100 deductible collision policy, it did not have an unqualified right to bring an action in its own name for the entire claim over the defendant's effort to have the insurer made a party. In the instant case Mrs. Wilkins was suing for $20,000 and had been paid by Great American only $1,548 on a total compensation award of $9,000. It is obvious that Mrs. Wilkins was the real party in interest. Furthermore, Great American was joined as a party plaintiff and the final judgment allowed the indemnity claim in full. Excluding knowledge of that joinder from the jury did not violate the provisions of CR 17.01 and was in compliance with KRS 342.055, which provides in part as follows:

"* * * If compensation is awarded under this chapter, either the employer or his insurance carrier, having paid the compensation or having become liable therefor, may recover in his or its own name *or that of the injured employe* from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employe." (Emphasis supplied.)

Great American's claim had no bearing on the question of negligence.

Judgment affirmed.