**Everett HIMES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 27, 1961.

Harvey Parker, Jr., Vanceburg, for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

At his trial upon an indictment accusing him of the crime of rape, appellant was convicted of detaining a woman against her will as denounced by KRS 435.110, a lower degree of the offense of rape. In seeking a reversal of the judgment sentencing him to prison for a term of 5 years, he contends that the court erred in failing to instruct upon the whole law of the case.

For the purpose of this opinion it is sufficient to relate that the prosecutrix testified that appellant forced her into submission and that appellant testified she voluntarily consented to having sexual intercourse with him.

The only question raised by appellant on this appeal is whether he was entitled to have the jury specifically instructed to find him not guilty if the jury believed from the evidence that the prosecutrix had voluntarily consented to the act of sexual intercourse.

It is the rule in this jurisdiction that, if the instruction submitting the Commonwealth's theory of the case is couched in language that ordinary laymen, who sit on a jury, can easily understand and comprehend, and its negative adequately presents the defense of the accused, it is unnecessary to give an affirmative instruction on the defendant's theory of the case. Duvall v. Commonwealth, 225 Ky. 827, 10 S.W. 2d 279. In certain types of criminal prosecutions, this rule has been relaxed. For example, where the defendant admits facts constituting the offense with which he is charged but interposes an excuse therefor having legal effect to exonerate him of criminal intent, his excuse should be submitted to the jury in concrete form. Morgan v. Commonwealth, 242 Ky. 116, 45 S.W. 2d 850. However, in prosecutions for rape we have specifically pointed out that it was not reversible error to fail to give an affirmative instruction with respect to the alleged victim's having voluntarily consented if the instructions required the jury to believe beyond a reasonable doubt that the act was committed forcibly and without the consent of the prosecutrix as the instructions do in the instant case. Webb v. Commonwealth, 223 Ky. 424, 3 S.W.2d 1080; Stanley's Instructions to Juries, Vol. 3, Sec. 771, p. 16.

In Grigsby v. Commonwealth, 299 Ky. 721, 187 S.W.2d 259, 159 A.L.R. 196, the opinion in Neace v. Commonwealth, 62 S.W. 733, 23 Ky.Law Rep. 125, was criticized to the extent it held that an affirmative instruction should have been given in a prosecution for the crime of rape. Therefore, we hold that appellant's objection to the instructions given in this case is without merit.

Judgment affirmed.