John A. SLOAN, Appellant,

v.

Marvin R. IVERSON, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1964.

Joseph Martin, Edmonton, Morris Butler, Greensburg, for appellant.

Carroll M. Redford, Jr., Carroll M. Redford, Redford, Redford & Redford, Glasgow, Maxey B. Harlin, Coleman, Harlin & Orendorf, Bowling Green, for appellee.

CULLEN, Commissioner.

John A. Sloan appeals from a judgment on a jury verdict awarding Marvin R. Iverson $2,500 for personal injuries and property damage sustained in a collision of the Sloan and Iverson automobiles on a public highway.

The automobiles were proceeding in opposite directions. The collision occurred in a curve. Iverson's lane was on the outside of the curve and Sloan's was on the inside. It was raining at the time and the pavement was wet. Iverson's automobile was pulling a camping trailer.

The evidence for Iverson was that he at all times was on his side of the road and at the time of the collision he had pulled partly off on the shoulder to avoid the Sloan car, which came across the center line and struck the rear left fender of his car and then hit the trailer. Sloan's testimony was that as he approached the curve the trailer behind the Iverson car was partly across the center line; he endeavored to make a tight turn in the curve to avoid the trailer and his car skidded; however he did not skid across the center line; the vehicles collided right on the center line.

Under the principles enunciated in Jones v. Carr, Ky., 382 S.W.2d 853, there clearly is no merit in Sloan's contentions

that, because of the evidence that his car skidded into the other, he was entitled to a directed verdict and the verdict and judgment are contrary to the evidence.

■ Likewise, under the Jones case and under Cain v. Williams, Ky., 314 S.W.2d 574, and Williams v. Kirtley, Ky., 263 S.W.2d 119, there is no merit in Sloan's contention that he was entitled to an "unavoidable accident" or "sudden emergency" instruction. Hall v. Ratliff, Ky., 312 S.W.2d 473, is distinguishable because there the skidding was upon an isolated spot of ice of which the driver was not aware. Here, Sloan knew that the pavement was wet. Furthermore, the Jones case indicates a rejection by the Court of the basic theory invoked in Hall v. Ratliff. Actually we entertain serious doubt whether an "unavoidable accident" instruction should ever be given in an automobile collision case.

While we have considered the contention concerning the instructions, it is questionable whether the alleged error was properly raised in the lower court, because Sloan did not offer *written* requests for instructions as required by CR 51, but merely moved the court orally that instructions be given on "unavoidable accident" and "sudden emergency" (he did not suggest how the instructions should be worded).

■ Sloan claims error in the admission of evidence in that Iverson, in testifying as to the before and after values of his trailer, was permitted to mention that he had received estimates on bids "on how much I could get for the trailer afterwards". However this avenue was not pursued and the values ultimately stated by Iverson were based specifically upon his professed familiarity with the market value of trailers of the type in question. In any event the evidence showed that the trailer's body was practically demolished by the collision so there could have been no serious prejudice from Iverson's being permitted to estimate its after-value at only $150.

The judgment is affirmed.