**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**J. J. GINSBURG et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

John B. Breckinridge, Atty. Gen., Carl T. Miller, Jr., Gen. Counsel, Dept. of

Highways, Frankfort, Phillip K. Wicker, Harris & Wicker, David G. Carroll, Somerset, Jim D. Robinson, Acting Gen. Counsel, Dept. of Highways, Frankfort, for appellant.

Charles B. Upton, Williamsburg, for appellees.

STEINFELD, Justice.

In a condemnation action the jury awarded the owners of unimproved land $200,000 for 4.19 acres taken from a tract which contained 18.49 acres. From a judgment entered pursuant to that verdict the Commonwealth appeals. We affirm.

■ The Commonwealth challenged for cause juror Phemia Siler because she was a defendant in a similar condemnation proceeding on the same project. KRS 29.270. Her case had been tried, but an appeal was pending. The trial court interrogated Mrs. Siler as to her bias and, after concluding that she was qualified to sit, denied the challenge, which the Commonwealth claims was prejudicial error. It relies on several cases, among which are Shellman v. Louisville Railway Co., 147 Ky. 526, 144 S.W. 1060 (1912); Wilder v. Louisville Railway Co., 157 Ky. 17, 162 S.W. 557 (1914); and Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917 (1933). We do not find these references to be controlling.

Although we have no statute specifying that bias disqualifies a jury-panel member in a civil case, KRS 29.270 says when a prospective juror may be challenged for cause. We are of the opinion that it was erroneous for the trial court to deny the Commonwealth's timely challenge of Mrs. Siler because her personal involvement in pending litigation in which her property was being taken for the same project stamped her as being a biased person. See discussion in Ellison v. Commonwealth, 304 Ky. 185, 200 S.W.2d 299 (1947), where

a statute was involved, and annotation in 160 A.L.R. 753.

This brings us to a consideration of the question of whether in this condemnation suit the case was tried by a jury constituted according to the common law as required by Kentucky Constitution § 242. In Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S.W.2d 293 (1940), we approved a quotation from Shulinsky v. Boston & Maine R.R. Co., 83 N.H. 86, 139 A. 189 (1927), which reads in part:

"When the right of challenge is lost or impaired, the statutory conditions and terms for setting up an authorized jury are not met; the right to challenge a given number of jurors without showing cause is one of the more important rights to a litigant; any system for the empaneling of a jury that prevents or embarrasses the full, unrestricted exercise of the right of challenge must be condemned * * *."

This principle was favorably considered in Nuchols v. Commonwealth, 312 Ky. 171, 226 S.W.2d 796 (1950). It was regarded in Crutcher v. Hicks, Ky., 257 S.W.2d 539 (1953), as being a highly technical view. The Crutcher case indicated that the loss of an opportunity to strike a biased juror for cause will not " * * * in all cases result in an illegal verdict." Another quote from Olympic Realty was discussed in Sizemore v. Commonwealth, Ky., 306 S.W.2d 832 (1957). A majority of the members of this court are now of the opinion that the statement above quoted from Olympic Realty is overbroad and that it is necessary, in order to obtain a reversal, to show that prejudice resulted because of the failure of the trial court to strike the biased juror.

The trial court, after interrogating Mrs. Siler, determined that she was an unbiased and qualified juror. That interrogation is not reported. The only additional information we find in the record pertaining to Mrs. Siler is a statement in the motion and grounds for a new trial, which reads as follows:

"The Court committed error prejudicial to the substantial rights of the plaintiff when he refused to permit the juror, Mrs. Euphemia Siler, to be challenged for cause after it was disclosed on voir dire examination that Mrs. Siler was a defendant in a condemnation suit recently tried at a previous term of Court involving the condemnation by this plaintiff of property situated on the same highway project in close proximity to the property under construction in this case. It was further disclosed that recently this plaintiff filed its Brief in the Court of Appeals in the Siler case. The plaintiff, as a result of the Court's action, was compelled to use one of its peremptory challenges to get Mrs. Siler off the jury. The error was prejudicial to the plaintiff in that there were other persons on the jury against whom the plaintiff severely needed to use the peremptory challenge which was exhausted in excluding Mrs. Siler."

These allegations were not supported by an affidavit as they should have been. CR 59.03; 7 Kentucky Practice, Clay, 275, Comment 1. Motions are not pleadings. Underhill v. Thomas, Ky., 299 S.W.2d 633 (1957); Vincent v. City of Bowling Green, Ky., 349 S.W.2d 694 (1961); 6 Kentucky Practice, Clay, 122, Comment 6. We cannot consider these factual charges.

The record is silent as to whether Mrs. Siler served as a juror; however, in their respective briefs the parties concede that she did not serve. The record does not disclose the number of peremptory strikes, if any, which were used by the Commonwealth as authorized by KRS 29.-290. Some opinions from foreign jurisdictions have held that " * * * the effect of a refusal to sustain a challenge for cause, necessitating a peremptory challenge by an accused on trial, is prejudicial where

the accused is compelled to, or does, subsequently exhaust all of his peremptory challenges," but other cases have held "* * * that overruling challenges for cause is not prejudicial error where peremptory challenges were not exhausted * * *." See 47 Am.Jur.2d Jury, Sec. 218, p. 807, and 72 A.L.R.2d 908. Our holdings in criminal cases have been that the peremptory challenges must be exhausted in order to show prejudice. Lake v. Commonwealth, 209 Ky. 832, 273 S.W. 511 (1925); Webb v. Commonwealth, 223 Ky. 424, 3 S.W.2d 1080 (1928). It is our conclusion that the Commonwealth has failed to show that it was prejudiced by an erroneous ruling, therefore, it is not entitled to reversal on this claim.

■ The Commonwealth argues that the amount awarded to the condemnee was excessive and was not supported by substantial evidence. The owner, who was a licensed real estate broker, an executive officer of a bank who showed wide experience in dealing in real estate in the area, and one other qualified witness all expressed values which, in their opinion, existed before the taking and they testified as to the values thereafter. The verdict, which was within the range expressed by these witnesses, is supported by their testimony; therefore, it rests on substantial evidence. Commonwealth v. Tyree, Ky., 365 S.W.2d 472 (1963). .

It appears to us that the verdict was a high one, but with testimony showing the land's value for resort-commercial use and the imminence of such use, we cannot say that it is so excessive as to warrant setting aside the verdict. Cf. Commonwealth, Department of Highways v. Siler, Ky., 411 S.W.2d 937 (1967); Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968).

The judgment is affirmed.

All concur.