Gary Edward HARRISON, a/k/a Blair
Anthony Harrison, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Aug. 12, 1977.

Discretionary Review Denied Jan.
24, 1978.

Jack Emory Farley, Public Defender, Commonwealth of Ky., J. Vincent Aprile, II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., George M. Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

HOWARD, Judge:

Defendant-appellant was convicted in the Fayette Circuit Court on three counts of possession of a forged instrument. He was indicted on August 25, 1975 on these charges, all of which were in violation of KRS 516.060. This statute reads as follows:

> A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and *with intent to defraud, deceive* or *injure another,* he utters or possesses any forged instrument of a kind specified in KRS 516.030. (Emphasis supplied).

Defendant-appellant contends that the indictment in his case is fatally defective since the emphasized words were not specifically enumerated in the indictment. We disagree. In the first place, the error was not preserved for appellate review as no objection was ever made to the indictment before trial or thereafter. *Clark v. Commonwealth,* Ky., 418 S.W.2d 241 (1967).

In the second place, the indictment was not defective. The defendant-appellant was charged in the indictment with possession of a forged instrument in the second degree. He was informed of the specific date and place where the offense occurred and the instrument involved. He was informed that the instrument with which the offense was perpetrated was forged. He was informed of the specific statute setting forth the criminal violation. He was adequately apprised of the charge against him. *Ward v. Commonwealth,* Ky., 444 S.W.2d 896 (1969). It is to be noted that defendant-appellant did not ask for a bill of particulars.

Defendant-appellant urges us to give him a new trial on the grounds that the trial court erred to his substantial prejudice by permitting the Commonwealth to introduce proof at variance with the indictment and by instructing on elements not named in the indictment. Suffice it is to say that no objections were made and therefore appellate review of these grounds for reversal are precluded. He should either have objected, moved for a directed verdict, or tendered an instruction which he contends should have been used. *Eversole v. Commonwealth,* Ky., 550 S.W.2d 513 (1977).

On direct examination the defendant-appellant stated that he had never been arrested for any crime other than disorderly conduct. This was part and parcel of his overall strategy to deceive the court and jury by lying under oath about his age, real name, and previous record. It was not until he realized that the Commonwealth had evidence of a convincing nature which showed that he was not a juvenile and had a previous record that he attempted to recant his testimony. Anyway, the Common-

wealth then asked on cross-examination if defendant-appellant had ever been convicted of voluntary manslaughter. No objection was made to this question; therefore it cannot be considered. *Eversole v. Commonwealth, supra.* Further, the rule in *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970) does not preclude the use of the record of a prior conviction strictly to rebut a prior inconsistent statement made by a defendant to help bolster his case or defense. *Dixon v. Commonwealth,* Ky., 487 S.W.2d 928 (1972). It was therefore permissible for the Commonwealth to introduce this prior felony conviction not specifically related to truth and veracity for the purpose of contradicting appellant's prior inconsistent statement.

The defendant-appellant also complains that the court erred in permitting the Commonwealth to impeach the appellant as to prior inconsistent statements given at an in-chambers hearing. Without further ado, we note that again no objection was made by the defense so any alleged error in this regard is not reviewable. *Eversole v. Commonwealth, supra.*

The trial court sustained an objection by the Commonwealth to the attempt by the defense to question officer Larry Ball as to what a handwriting analysis expert had told him in regard to his examination of the checks uttered. We do not perceive this to be prejudicial error since such evidence would have been hearsay and the conviction was based on possession of a forged instrument and not forgery. Therefore, such evidence would not have been relevant or material.

Finally, the defendant-appellant complains about the trial judge's remarks to him that he would probably consider the defendant-appellant's perjury in his sentencing. The trial court did let seven years of his sentence run consecutively with his prior sentence for armed robbery. However, this was within the trial court's discretion and we find no evidence of bias toward the defendant-appellant. This was a fair trial and the defendant-appellant compounded his difficulties by lying to his own attorney and the court and jury.

The judgment is affirmed.

ALL CONCUR.