Ricky Dean ABNEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 1, 1979.

Discretionary Review Denied
Nov. 13, 1979.

Jack Emory Farley, Public Advocate, Timothy T. Riddell, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Nancy S. Marksberry, Reid James, Asst. Attys. Gen., Frankfort, for appellee.

Before HOGGE, LESTER and WILHOIT, JJ.

LESTER, Judge.

Ricky Abney appeals his judgment of conviction of first-degree burglary and possession of burglar's tools which imposed a ten-year sentence of incarceration.

Appellant and David Finn were charged with burglarizing the house trailer of one Harrell Kinser in Bowling Green on April 16, 1979. On the evening in question, police officers of the city and Warren County observed a vehicle containing three people

pull up to the mobile home. Two of the occupants then got out, went to the door and forced it open. In the meantime, the car they had arrived in had been driven away. The police agents, having received information that the trailer was going to be broken into, placed two of their number in an unmarked station wagon which had been parked so as to afford a view of the door, while two others were in an adjoining trailer. After the break-in occurred, the police identified themselves and ordered the two men to come out of the residence, and in response thereto, Finn and Abney came outside. The officers could not identify the driver of the car.

Appellant related that he had been in the company of his stepfather's brother, Jerry Riggsbee, from ten or eleven o'clock A.M. until he was dropped off in front of the trailer on Sunday, April 16, 1978. During the entire day, they drank beer and shot pool. Prior to going to the American Legion post during the afternoon, Abney and Riggsbee ran into Finn, who made inquiry as to how to get some beer from a bootlegger. Riggsbee supposedly said that if he could find some beer that he would pick him (Finn) up at his house and they would get it later that evening. About eight or nine P.M., appellant and Riggsbee picked up Finn at his house and they traveled to Kinser's trailer, where Abney says he and Finn knocked on the door and a voice invited them in. The two defendants denied breaking open the door or doing any mischief inside the mobile home. Furthermore, they were unaware that Riggsbee drove away.

At the trial appellant attempted to introduce, through a deputy circuit court clerk, a prior burglary conviction of Jerry Riggsbee, but the court sustained an objection thereto since Riggsbee was not a witness. The theory of the defendant was since Kinser had testified he had left his trailer about 9:00 A.M. and had not returned, that the possibility existed that Riggsbee could have burglarized it prior to meeting Abney, and by taking the two defendants to the scene of the crime that evening he was actually setting them up to take the blame. The

purpose of seeking to introduce the record was an attempt to place in the jurors' minds the propensity of Riggsbee for such offenses with the hope that the jury might have thought that Riggsbee gave the anonymous tip to the police and that he was the actual culprit who then "set up" Abney and Finn to divert attention from himself.

Appellant was indicted on April 19, 1978, and two days later he was arraigned and counsel was appointed to defend him. He made bond on June 2, and trial was held on June 19, 1978. On the day that he was to be tried, Abney caused a subpoena to be issued for Riggsbee, but it was returned the same day as "not served" since "Mr. Riggsbee is in Cocomo (sic), Ind. at the Lawrence Hicks residence." We note that the record discloses that appellant knew his trial date because by order of April 21, 1978, it was set for 9:30 A.M., June 19, 1978. Since appellant has at no time alleged ineffective assistance of counsel, we assume that Abney and his lawyer adequately discussed the facts and the theory of the defense, and there was ample time to invoke the provisions of the Uniform Act to secure the attendance of witnesses who were absent from this jurisdiction. Indiana subscribes to the act.

■ We agree with appellant that "it may be true that the evidence of Riggsbee's past criminal activity may not have been admissible under the traditional rules of evidence," but since we do not believe that any "constitutional right to defend himself to the fullest" has been denied, we refrain from "bending" the rules. The Commonwealth has every right to cross-examine a defense witness, but it is unable to interrogate a record of the circuit clerk. Under the circumstances of this case, we cannot say that any error has been committed.

■ The second and last assignment of error is that the burglary indictment was defective. The true bill before us charges that Abney entered the trailer to "commit a crime of burglary," and he argues that it should have recited "with intent to commit a crime." Without reviewing the details of

the argument, we consider it sufficient to point out that if the indictment informs the accused of the specific offense with which he is charged, it is sufficient. RCr 6.10; *Wylie v. Commonwealth*, Ky., 556 S.W.2d 1 (1977). If the defendant has any doubts, he can move for a bill of particulars, RCr 6.22, and Abney made no such motion. Moreover, since there was no objection to the indictment either before or after trial, the issue is not preserved for appellate review. *Harrison v. Commonwealth*, Ky.App., 559 S.W.2d 744, 745 (1977).

The judgment is affirmed.

All concur.