David Edward FAUGHT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Sept. 21, 1983.

J.D. Raine, Jr., Louisville, for appellant.

Steven Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

David Edward Faught was convicted by a jury in Jefferson Circuit Court of trafficking in a controlled substance (K.R.S. 218A.140(1)). His punishment was fixed at 20 years' imprisonment and a $20,000 fine as a result of his being a subsequent offender under K.R.S. 218A.990(1).

On February 17, 1981, at 8:15 p.m., Detective Bledsoe of the Louisville Police Department Narcotics Unit received a telephone call from an informant telling him that appellant would be arriving shortly at the State Fairgrounds in a pickup truck with a large quantity of cocaine. Soon after Bledsoe and his partner, Detective Graff, arrived at the Fairgrounds, appellant's truck was spotted and followed for a short distance before being pulled over.

Both appellant and a Mr. Bojanowski, who was driving appellant's truck, were asked to get out of the truck and were arrested at about 9:30 p.m. As a result of the ensuing search Bledsoe discovered a bag of marijuana and a small glass vial containing cocaine in a jacket worn by appellant.

After appellant's arrest, Bledsoe called the informant and was told that other controlled substances could be found in the truck. A search warrant was obtained for the already impounded truck. Detectives Thomas and Layne discovered two sealed envelopes containing cocaine in the glove box. Also found in the truck were parts of a device used to sift cocaine and a bag of manitol which is a baby's laxative used to dilute cocaine.

A trial was conducted on April 1, 1982. Appellant presented no witnesses in his behalf and chose not to take the stand.

Appellant first complains that his arrest was made without probable cause and as a result all evidence obtained incident and subsequent to his arrest should have been excluded from trial. In order to show probable cause justifying a warrantless arrest which is based upon an informant's tip, it must be established that the informant is a reliable source and that substantial parts of the information furnished were confirmed by police before the arrest. *Jones v. U.S.,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *Roberson v. Commonwealth,* Ky., 490 S.W.2d 733 (1973).

Two suppression hearings were conducted before trial where Detectives Bledsoe and Graff testified that the informant gave information concerning an imminent drug deal, specifying that two white males, one of whom was appellant, would be in a pickup truck, that the truck would be driven to the rear lot, that cocaine would be in appellant's possession, and that the cocaine would be delivered during or after a rock concert. All of these aspects of the informant's tip, with the exception of the cocaine being in the truck, were corroborated before appellant was arrested. Detective Bledsoe also testified that the informant had proved to be reliable in the past.

We are satisfied from reading the record that there was probable cause to arrest appellant, and the trial judge did not err by admitting the fruits of the searches at trial.

Appellant also assigns as error the introduction into evidence of the substances seized from appellant on the ground that the integrity of the items was not established. Specifically, appellant argues the Commonwealth did not establish the chain of custody of certain exhibits, and questions the identity of other exhibits. After wading through the trial record, we are satisfied that the substances introduced at trial were taken from appellant's possession and that the Commonwealth satisfied its burden of proving the evidence was securely stored under reliable procedures in storage facilities provided for that purpose. *Brewster v. Commonwealth,* Ky., 568 S.W.2d 232 (1978).

Appellant next argues the trial court erred by instructing the jury on the offense of trafficking. Because the informant testified only at one of the suppression hearings but not at trial, the Commonwealth based its case against appellant upon circumstantial evidence. The seizure from appellant of 4.7 grams of cocaine, an apparatus used to sift cocaine, and a bag of manitol together with Detective Bledsoe's testimony that cocaine is normally sold by the gram sufficiently raises a jury question of whether appellant possessed the cocaine with the intent to sell.

Appellant last complains of the method used by the Commonwealth to prove his prior convictions for drug offenses for the purpose of penalty enhancement. Appellant concedes on appeal that a document from the Breckinridge County District Court showing he was sentenced to one year for raising marijuana was properly authenticated and introduced into evidence. Nevertheless, he strenuously argues that two orders from the Jefferson County District Court, indicating that he was placed on probation for trafficking in a Schedule IV controlled substance, and possession of marijuana, were incompetent evidence of those prior offenses.

K.R.S. 218A.990(8)(i) provides:

For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to the substances classified as controlled substances.

The enhancement provisions in *K.R.S. 218A.990 do not specify the manner* in which prior convictions must be proved. The Orders of Probation recited appellant's sentences along with the conditions of his probation, and were duly authenticated and signed by the district judge. We think the documents competently proved appellant was adjudged guilty of the offenses for which he was probated and see no reason to reverse his conviction merely because orders of final judgment were not used instead.

The judgment is affirmed.

All concur.