**Elmer GODSEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 9, 1983.

Hollis L. Searcy, Appellate Public Advocate, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWARD, McDONALD and DUNN, JJ.

DUNN, Judge.

This is an appeal from the final judgment and sentence of the Perry Circuit Court pursuant to a jury verdict finding appellant, Elmer Godsey, guilty of burglary in the second degree and fixing his punishment at 5 years. Pursuant to the provisions of KRS 532.070 as to the punishment fixed as being unduly harsh, the trial court reduced the punishment to a sentence of 6 months in the county jail and an additional sentence of 5 years probation upon his release from county jail. This method of punishment is not an issue on appeal. We reverse and remand.

On April 30, 1982, the Grand Jury returned an indictment against the appellant charging specifically:

On or about the 18th day of July, 1981, in Perry County, Kentucky, the above named defendants committed the offense of burglary in the second degree by unlawfully entering the dwelling house owned by Aaron Timothy Stacey at Ary, Kentucky, contrary to the provisions of KRS 511.030, and against the peace and dignity of the Commonwealth of Kentucky.

Appellant argues that his constitutional rights were violated because the indictment was improper. We disagree. His position is that since the indictment does not mention intent to commit a crime, he was, therefore, charged only with criminal trespass. A review of the indictment reveals that the information contained therein sufficiently advised the appellant of the crime of which he was accused. It was not necessary that the phrase "with intent to commit a crime" be contained in the indictment. *Abney v. Commonwealth,* Ky.App., 588 S.W.2d 714 (1979).

At trial, the Commonwealth introduced the testimony of Riley Grigsby, a neighbor of the victim of the burglary, Aaron Stacey. Grigsby testified that on the night of the burglary he saw appellant and another man

coming out of Stacey's driveway, pushing a motorcycle. He confronted them and told them to go home. The Commonwealth also called Stacey to testify. He and his family were away visiting relatives on the night of the burglary. Upon returning the next day, he noticed a motorcycle, which belonged to his brother-in-law and which had been kept on his premises lying by the front steps of his home. He also saw his shotgun, a .22 rifle, a chain saw and a pistol under the front porch. He further testified that the chain lock on his basement door had been broken.

Appellant turned himself in and gave a statement. He stated that it was his companion's idea to break into the house and that they went through the basement and got some guns. He further stated that being unable to start the motorcycle, they pushed it to the yard and left it.

■ Appellant argues that the trial court erred in refusing to give an instruction on the lesser included offense of criminal trespass. We again disagree. We do agree with the principle set out in *Martin v. Commonwealth*, Ky., 571 S.W.2d 613 (1978), that the trial court has a duty to instruct the jury on the lesser included offense of criminal trespass when it is so requested and justified by the evidence, but we find the trial court in this case did not err in refusing to instruct on criminal trespass. *Martin, supra,* is factually distinguishable. The two defendants in that case denied they had intended to or did commit a crime. In the instant case, Godsey admitted to taking the property belonging to the owner of the burglarized home. The evidence simply does not justify an instruction on criminal trespass. *See, e.g. Polk v. Commonwealth*, Ky.App., 574 S.W.2d 335, 338 (1978). The only reasonable conclusion to draw from it was that Godsey unlawfully entered the home of Mr. Stacey with the intent to steal.

■ We agree, however, with appellant that the trial court committed reversible error in failing to grant on voir dire his challenge for cause as to the prospective juror who, though at the time of the trial no longer held the position, had been the Perry County Attorney when the appellant's preliminary hearings on the charges in question proceeded through the Perry District Court. He did not personally prosecute the case, but as county attorney the overall responsibility to do so was his.

Upon appellant's counsel challenging the juror, the court questioned the juror and elicited responses from him indicating that he was not then familiar with the case, nor when it was pending in district court. He stated that he would not have any bias or prejudice against the appellant and that he had long ago put aside the fact that he had been county attorney. The court overruled the appellant's challenge.

Both the federal and state constitutions provide that a defendant in a criminal prosecution has a right to a trial by an impartial jury. U.S. Const. amend. VI; Ky. Const. §§ 7 and 11. RCr 9.36 provides: "... When there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, he shall be excused as not qualified." At common law one of the headings under which challenges of jurors for cause were grouped was the heading "propter effectum." It was based on suspicion of bias or partiality. It was a challenge as "to the favor." These challenges proceed on the ground that a juror is biased in favor of one of the parties. 47 Am.Jur.2d, *Jury,* § 265 (1969). This type challenge is based not on actual bias, but on an implied bias that arises where the juror's relationship with one of the parties raises the presumption of bias.

The general principles governing the function of the trial court in ruling on challenges to jurors and appellate review of the trial court's actions are aptly stated in 47 Am.Jur.2d, *Jury,* § 268 (1969):

In criminal cases especially, the trial judge should resolve all doubts as to the competency of the juror in favor of the defendant, and he must, in the exercise of a sound discretion, be satisfied from the evidence that the juror can try the issue

impartially, without prejudice to the substantial rights of the party challenging; otherwise the challenge should be allowed. In a criminal case, the trial court should see to it that the jury is as nearly impartial as the lot of humanity will admit.

Whether the juror's state of mind is such as will prevent him from acting with entire impartiality is ordinarily a matter that must be left largely to the wise discretion of the trial court. However, when the exercise of such discretion in a given cause appears to be clearly erroneous under well-settled principles of law, the appellate court is bound to interfere. The discretion of the trial judge to determine partiality or impartiality in a jury is subject to review on appeal under a constitutional guaranty to the accused of a trial by an impartial jury.

In order to obtain reversal of a judgment, prejudice resulting from failure of the trial court to strike the challenged juror must be shown. There is no prejudice unless the party challenging the juror uses all of his peremptory challenges. *Commonwealth, Dept. of Highways v. Ginsburg*, Ky., 516 S.W.2d 868 (1974); *State v. Lewis*, La., 391 So.2d 1156 (1980).

Here, we have a classical example of implied bias. The challenged juror at the time the crime in question was committed and during the preliminary stages of the Commonwealth's prosecution of the appellant, even though functioning through an assistant county attorney, stood as the representative of the Commonwealth as county attorney and was, by analogy and for all practical purposes, the plaintiff in the prosecution. To deny his implied bias is to flaunt reality. Failure to recognize appellant's challenge to him obviously was an abuse of discretion by the trial court. There are no Kentucky cases in point. However, other jurisdictions have decided this very issue and have held that failure to strike the juror for cause was an abuse of discretion. *See Block v. State*, 100 Ind. 357 (1884); *State v. Lewis*, La., 391 So.2d 1156 (1980). We also so hold. Since appellant exercised all of his peremptory challenges, one of which was to challenge the juror in question, the abuse of discretion was prejudicially erroneous. *Commonwealth, Dept. of Highways v. Ginsburg, supra.*

The judgment entered in this case is hereby set aside, and the case is REMANDED to the Perry Circuit Court for proceedings consistent with this opinion.

All concur.