**Jerry Glenn CALVERT, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 28, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court
May 13, 1986.

David Goin, Harrison & Goin Law Firm, Scottsville, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, LESTER and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from a judgment based on a jury verdict which found appellant guilty of second-degree manslaughter and driving while under the influence, sentencing him to ten years' incarceration.

This case arose out of an automobile accident which occurred in Scottsville on October 22, 1983. Appellant testified at trial that just prior to driving his vehicle, he had drunk about half of a half-pint of whiskey. He also stated that slick pavement caused by rain resulted in his losing control of his automobile and sliding across the road and into the path of the victim's car which was traveling in the opposite direction. Both Mr. Calvert and 18-year-old Alice Woodward were taken to the Allen County Hospital. The victim was eventually transferred to University Hospital in Louisville and passed away on November 29, 1983. Shortly thereafter, Jerry Calvert was indicted on charges of murder.

Four prospective jurors were challenged for cause by the defense and the court below refused to strike them from the panel. The first, Frances Marsh, is the wife of the police officer who arrested the appellant for murder following the death of Alice Woodward. Officer Marsh was subpoenaed for trial but did not testify. The other three prospective jurors challenged for cause were all either remotely related

to the victim or her family or were friends of the family. All three attended the funeral or paid their respects at the funeral home. Of the four, the appellant was able to strike the latter three through use of his peremptory challenges. Accordingly, only Mrs. Marsh actually served as a juror. Nonetheless, appellant contends that he was denied his right to a fair and impartial jury when the court refused to strike the four for cause.

Counsel for appellant refers us to *Hayes v. Commonwealth*, Ky., 458 S.W.2d 3 (1970), wherein the trial court allowed the brother of the arresting officer who testified at trial to remain upon the jury. The Supreme Court reversed, concluding that the brother was a biased juror, despite his statement that he could be fair and impartial.

In the case at bar, the wife of the arresting officer stated the following:

JUROR MARSH: Just, in fact I had forgotten about that until he said he had been subpoenaed for it and I asked him what part he played in it just the other day.

MR. GOIN: And what did he say to you then?

JUROR MARSH: He said that he had been subpoenaed and that he was the arresting officer and he had to go the hospital and pick him up.

MR. GOIN: Okay, thank you. What have you heard about this case?

JUROR MARSH: Nothing other than just she was killed and he was under the influence of alcohol and as far as that nothing on either side.

MR. GOIN: Would you find it difficult to sit on a case in which your husband was testifying?

JUROR MARSH: Well I had rather not, let's put it that way. As far as influencing my say so it would not, but I had rather not. It would put me under a lot of pressure.

MR. GOIN: Would you be more likely to give credibility to your husband's testimony than someone else's testimony?

JUROR MARSH: Well, I wouldn't say a hundred percent that I wouldn't, but like I say, I had rather not testify against my husband.

MR. GOIN: You don't think your husband would lie, under oath.

JUROR MARSH: No.

■ Although we are well aware of the general rule that it is in the discretion of the trial court whether to strike a juror for cause, we believe there has been such an abuse here. *Holbrook v. Commonwealth*, Ky.App., 662 S.W.2d 484 (1984); *Godsey v. Commonwealth*, Ky.App., 661 S.W.2d 2 (1983). Because appellant was forced to exercise all of his peremptory challenges, the abuse of discretion was prejudicial. *Rigsby v. Commonwealth*, Ky., 495 S.W.2d 795 (1973). Accordingly, we must reverse and remand this cause for a new trial.

■ Although we are impressed with counsel's arguments regarding the other three jurors, we need not decide whether the court abused its discretion by allowing them to serve in light of our determination as to Juror Marsh. While we recognize the difficulty in empaneling a totally unbiased jury, especially in a case such as this, in a criminal case, the trial court should resolve all doubts as to the competency of the juror in favor of the defendant. 47 Am.Jur.2d *Jury* § 268 (1969); *Godsey, supra.*

The second contention on appeal which gives us some concern is in regard to a blood sample taken of the appellant following the accident. The sample was sent to an International Clinical Laboratory in Nashville, Tennessee, where it was destroyed fourteen days later, because it was not identified as a forensic sample. The results of the sample, which revealed a reading of .388 grams per deciliter, were admitted into evidence over the objections of defense counsel.

On appeal, it is claimed that these results were improperly admitted as the sample was not preserved for testing by the defense; the Commonwealth failed to provide the defense with lab notes until the deposi-

tion of the expert witness, and the Commonwealth failed to prove the integrity or "chain of custody" of the sample prior to the testing.

■ We have carefully examined numerous decisions as well as the record of this case and we conclude that the problems which occurred below can be corrected upon retrial.

In the proceedings below, the blood sample taken of Jerry Calvert was destroyed after fourteen days, before the defendant was even charged with murder. This destruction apparently occurred because the Commonwealth negligently failed to inform the clinic that the sample involved a criminal matter. As a result of this negligence, the appellant was denied the opportunity to have the sample inspected by his own expert pursuant to RCr 7.24.

While denial of that right has been held reversible error, (*Cf. James v. Commonwealth*, Ky., 482 S.W.2d 92 (1972)), such an error may be cured where "the defendant is provided a reasonable opportunity to participate in the testing, or is provided with the notes and other information incidental to the testing, sufficient to enable him to obtain his own expert evaluation." *Green v. Commonwealth*, Ky.App., 684 S.W.2d 13 (1984).

In the case at bar, counsel for the appellant maintains that he was denied the right to inspect the test results and notes until the examination of the Commonwealth's expert. The Commonwealth responds that it provided the lab notes immediately upon learning of their existence at the deposition. At any rate, upon retrial, the defendant will now have access to the results, sufficient to enable him to obtain his own expert evaluation, if he so desires.

■ Secondly, while the integrity of the sample is open to some doubt, on retrial, the Commonwealth should show this chain of custody or the sample may not be admitted. *Harrod v. Commonwealth*, Ky.App., 552 S.W.2d 682 (1977). The Commonwealth must satisfy its burden of proving the evidence was securely stored under re-

liable procedures in storage facilities provided for that purpose. *Brewster v. Commonwealth*, Ky., 568 S.W.2d 232 (1978); *Faught v. Commonwealth*, Ky., 656 S.W.2d 740 (1983). In cases such as this, where alterations of the blood sample could not be detected by the naked eye, a complete chain of custody must be established. Lawson, *The Kentucky Evidence Law Handbook*, § 12.00 at 395 (2d ed. 1984).

■ Appellant next argues that the instruction under which he was convicted of second-degree manslaughter was erroneous and did not accurately reflect the law regarding that crime. The complained-of instruction, in pertinent part, reads as follows:

(A) ... THE DEFENDANT CAUSED THE DEATH OF ALICE WOODWARD BY OPERATING HIS MOTOR VEHICLE SO AS TO CAUSE SAME TO COLLIDE WITH A VEHICLE OPERATED BY ALICE WOODWARD, THEREBY CAUSING HER INJURIES WHICH WERE THE DIRECT AND PROXIMATE CAUSE OF HER DEATH;

Appellant maintains that KRS 507.040 only permits a finding of guilt on second-degree manslaughter when one *causes the death* of another, and that the language relating to direct or proximate cause was not a proper concept to be included in a criminal case. While the instruction may not be particularly artful, we find no prejudicial error. To the extent that the inflicted injuries hastened Alice Woodward's death, the injuries were the direct cause of her death. (*See Adcock, Jr. v. Commonwealth*, Ky., 702 S.W.2d 440, (1986)).

We have reviewed other complaints of error, and deem any errors to have been harmless, insubstantial or not likely to recur upon retrial. RCr 9.24.

For the foregoing reasons, the judgment is reversed and this cause remanded for proceedings consistent with this opinion.

All concur.